## H. M. JONES *v.* W. DE B. HOOPER.

1. CHANCERY PRACTICE — WRIT OF ASSISTANCE.— The object of the writ of assistance, is to put a party who has purchased real estate at judicial sales, into possession of the premises.    The most familiar instance of its use is where land has been sold under a decree foreclosing a mortgage, but it applies to any other sale enforcing a lien, whereby the title and right of the property would pass to a purchaser, and where the party in possession was a party to the suit, or came into possession under him *pendente lite.*    Where a court of equity has authority to dispose of the fee, as to all parties to the decree, it ought also to control the possession, in order to administer complete and efficient relief.    The power of the court would be inadequate to full redress, if the suitor, after procuring a decree of sale, and investing the purchaser with title, must resort to a court of law, to obtain the possession.

2. SAME — SAME — PETITION FOR WRIT.— To entitle a party to the writ of assistance, the petition should show, the sale under the decree, the purchase, the deed by the commissioner, payment of the money, if the sale was made for cash.    That the deed was exhibited to the defendant, and possession demanded.    The defendant should have reasonable notice of the application for the writ.

APPEAL from the Chancery Court of Monroe County.    Hon. O. H. WHITFIELD, Chancellor.

Appellant as executrix of N. B. Jones, deceased, filed her petition, making Asa B. Daniel, Mary Daniel, and others, heirs of her testator, defendants thereto, asking for a sale of real estate under the provisions of her testator's will.    She renounced her right to sell, and all joined in asking that E. H. Bristow be appointed commissioner to sell the land.    The sale was made.    W. de B.

Hooper, appellee, became the purchaser. The sale was reported to the April term, 1874, of the chancery court and confirmed by the court. At the same term, Hooper, presented his petition and motion to said court, exhibiting his deed to the land from E. H. Bristow, the commissioner, and showing that W. M. Jones, appellee, Asa B. Daniel, and Mary Daniel, all of whom were parties to the original proceeding for the sale of the land, and therefore precluded by the decree of sale, withheld the possession from him, and asking for a writ of possession. The petition was granted, and a writ of assistance or possession was granted, and the case comes to this court upon appeal.

The following is assigned for error, to wit:

"The court below erred in granting the writ of assistance upon the motion of appellee."

*Darret & McFarland,* for appellant:

The record shows that the chancery court decree the sale of a house and lot in the city of Aberdeen to pay the debts of Nelson B. Jones, deceased ; that a commissioner appointed by the court for that purpose sold the house and lots in controversy, to Wm. de B. Hooper appellee who was a stranger to the record. That after the sale was made, report thereof was made to the chancery court and confirmed.

After that had been done, appellee made a motion on the docket of the court asking for a writ of assistance, which motion was sustained and the writ issued. This we say was error. The rule of law in our state is that a purchaser of land at a commissioner's sale under a decree of the chancery court, who is not a party to the original suit in which the decree of sale was made, cannot obtain in his own name a writ of *assistance* to turn parties out of possession of the purchased premises. 13 S. & M., 131 ; 39 Miss., 508. In this case Hooper was not a party to the record.

Again, the course to get the writ in a proper case, is to give the party in possession a copy of the writ, and if it is not obeyed, then to move the court for a writ of possession. 1 Smith's Chancery

Practice, 446 ; 2 Ala. N. S., 158 ; 4 John. Ch., 609 ; 1 Brown Ch., 375 ; 2 Daniels Ch., 1280 ; 2 Smith Ch. Pr., 214. This being the only question we submit that the chancellor errs in his action.

*R. O. Reynolds,* for appellees :

There are but two questions presented by counsel for appellant.

1. That a writ of assistance will not be granted in any case in favor of a purchaser.

2. That the proper practice is to give to the party in possession a copy of the writ, and if not obeyed, then to move for a writ of possession.

We shall contend that neither of these positions is tenable.

From our own supreme court, the case of Wilson v. Polk, 13 S. & M., 132, is cited. In that case, the writ of assistance was applied for by Wilson, the purchaser, against Polk and Edmonds, who were in possession and who were not parties to the original suit, nor did they come in *pendente lite* under any of the parties to the original suit. A writ of assistance as against them was properly denied because they were not parties to the original suit. Judge Clayton cites 2 Smith's Ch. Pr., 214, as sustaining the doctrine announced by him.

While the text does sustain the dictum, it is not supported by authority, and the cases commented upon and cited in note a, p. 214, are in direct conflict with it. It is well settled by adjudications in all the states, and there is no conflict of authority, unless it be the case of Wilson v. Polk, *supra,* that a writ of assistance will be granted in favor of a purchaser not a party to the original suit. Creighton v. Paine, 2 Ala., 159, 160 ; Stackpole v. Curtis, 12 Eng. Ch. Pr., 585 ; Thompson v. Smith, 1 Dillon, 458 ; Feris v. Hicks, 38 Cal., 234 ; People v. Doe, 31 ib., 220 ; Goit v. Dickerman, 20 Wis., 630 ; Gilcreest v. Magill, 37 Ill., 300. The writ will not issue against a party who is not a party to the original suit, but a purchaser under a decree is a *quasi* party. 10 Humph., 81 ; 8 ib., 522 ; 2 ib., 171 ; 14 Vesey, Jr., 512 ; 15 Grattan, 288.

The practice in obtaining a writ of assistance is not settled in this state. The English practice is hedged in with so many complications, and productive of so much delay, that it has not been followed in this country. The usual mode is to apply at the term at which the sale is reported or the decree for possession for writ of assistance. We submit this practice in simple, and in accordance with our decisions and statutory provisions and the practice in other states. Harney v. Morton, 10 George, 508; Valentine v. Teller, 1 Hopk., ch. 422.

*L. Haughton*, on same side, filed a brief, citing Wilson v. Polk, 13 S. & M., 132; 10 Humphreys, 81; 6 ib., 145; 8 ib., 522; 2 ib., 171–46; 3 Sumner's Rep., 318; 14 Veasey, Jr., 512; 15 Grattan, 288; Harney v. Morton, 10 George, 508; Hopkins' Ch. R. (N. Y.), 423; Kershaw v. Thompson, 4 John. Chan., 609; Ludlow v. Lansing, 1 Hopk., 231; Creighton v. Paine, 2 Ala., 158; Smith's Ch. Pr., 214, note a.

SIMRALL, J., delivered the opinion of the court.

Two questions are presented in this case. First. The nature and office of the writ of assistance. Second. In what circumstances, and at the instance of what parties may it be invoked, under the practice of a court of equity?

The object of the writ is to put a party who has purchased real estate at judicial sale, into the possession of the premises. The most familiar instance of its use is where land has been sold under a decree foreclosing a mortgage. But manifestly it would apply to any other rule enforcing a lien, whereby the title and right of the property would pass to a purchaser. In such cases the relief attempted to be administered by the chancery court is, on the one hand, to raise by a sale of the property, the debt for which it has been incumbered, and on the other, to transfer the property to the purchaser. The vendee does not buy merely a title to the property and a right to the possession which may be enforced in a court of law, but he purchases the title and the right of imme-

33

diate possession as incident to the title.  A court of equity would
fall short of doing complete justice, unless it put him in posses-
sion, as well as gave him a deed, the muniment of his title.  Nor
is there any objection to this, if the person deprived of the pos-
session was a party to the suit, or came into possession under him
*pendente lite.*  Kershaw v. Thompson, 4 John. Ch. Rep., 609 ;
Creighton v. Paine, 2 Ala. Rep., 159.

The subject was examined by Chancellor KENT, in Kershaw v.
Kershaw, 4 John. Ch. Rep., 611, and the power was placed upon
the ground of the full jurisdiction of a court of equity to admin-
ister complete and efficient relief.  If it has authority to dispose
of the fee, it ought also as to all the parties to the decree, to con-
trol also the possession.  The power of the court would be de-
fective and inadequate to full redress, if the suitor must resort to
a court of equity to procure a decree of sale, and after investing
the purchaser with the title turn him over to a suit at law, with the
expense and delay incident to it, to get the possession.  The case
of Dove v. Dove, 1 Brown. Ch. Rep., 330, top p.,by Perkins, and
same case more fully reported in 2 Dick., 617, is much like this
case.  By the decree the estate of the testator was to be sold.
The widow was a party to the suit.  The purchaser demanded of
the widow possession, which she refused.  He applied to the
court, pursuing the regular course of procedure, to obtain the
possession, and did obtain it by the writ of assistance.

The formula is given in note to this case in 1 Brown. Ch. Rep.
Service of writ of execution of the decree and of the party's
refusal.

2.  An attachment issued thereon.

3.  Injunction granted on such attachment.

4.  Writ of assistance directed to the sheriff to deliver the pos-
session.

See also Huguenin v. Basely, 15 Vesey, 180.  In Ludlow v.
Lansing, 1 Hop. Ch. Rep., 232, the authority of the court to issue
the writ is placed upon the power of the court to carry its decree

into effectual execution, and thereby avoid the circuity of vexatious and useless litigation.   Gilcreest v. Magill, 37 Ill., 300, was the case of an application by the purchaser.   No substantial reason can be suggested if the person in possession was a party to the suit.

The reason is that such persons are bound and concluded by the decree. . But the writ is not confined to foreclosure suits.   It is applicable, to all cases, where the court has authority to decree the sale of property, and thereby transfers by sale the title, and as incident to the title the right to immediate possession.   If the decree is conclusive upon all the parties to the suit, in respect to the title to the property, the subject of the decree, it should also be conclusive on the possession of any of the parties, held under that title.   No party can be dipossessed by the writ rightfully, who was not a party to the suit, or who did not enter under such party *pendente lite.*

It is objected that Hooper, the purchaser, is a stranger to the suit, and that as purchaser at the sale he does not occupy such relation, as that he can, under the practice, become a suitor for the writ.   The principle in Redus v. Hayden, 43 Miss. Rep., 636, was stated to be, " that a purchaser (at judicial sale), from the moment the property is struck off to him, is deemed a party in interest and submits himself to the jurisdiction of the court — that is, so far as his rights as purchaser and his obligations are concerned.   2 Dan. Ch. Pr., 1272, 3.   He may move for a confirmation of the sale, and to be let into possession after he has done everything as respects the sale incumbent on him.   Ibid.   If the sale is upon a credit, the purchaser becomes a party to the suit for all the purposes of enforcing payment of his bond by rule to pay the money into court, or by an order to sell the property. Clarkson v. Read, 15 Gratt., 295.

Purchasers on a credit of one, two and three years were immediately let into possession.   Upon their petition, a nuisance (the obstruction of a street with reference to which the lots were sold) was abated.   Leake v. Cannon, 2 Humph., 169.

In the cases above cited, of Gilcreest v. Magill, 37 Ill., 300, and Creighton v. Paine, 2 Ala., 158, and most of the others, the application to the court for its assistance to be put in possession was made by the purchaser.

We have already stated to what extent, and for what purposes the purchaser becomes a party and submits to the jurisdiction of the court. He can be compelled to pay the purchase money, or to do whatever else is necessary to complete the sale, such as accepting the deed. It would seem to be but reciprocal right that he should have the aid of the court, to be put in complete enjoyment of his purchase. There is nothing in the case of Wilson v. Polk et al., 13 S. & M , 132, which militates against these views and authorities, except the expression in the opinion, that "the purchaser can only proceed by getting the vendor to make the application for the process." The authorities, both in England and in this country, are abundant, that the purchaser may petition in his own name. But in that case Parker was complainant against Baker and Starr, defendants. The application was to turn Polk and Edwards (who were not parties), out of possession. The judgment was plainly right, for one of the reasons assigned by the court, viz: "In a mere order for process, a person might be turned out of possession, whose rights had never been tried."

If the record of the proceedings in the chancery court would be conclusive evidence of the purchaser's right of recovery, as against the defendant in possession at law, *cui bono*, multiply litigation, by remitting the party to the court of law. On the hearing of the application for the writ, the defendants thereto would be allowed to show the invalidity of the decree as that it was void; the same matter that would defeat the recovery in ejectment.

The modern practice permits a proceeding simpler and less tedious than formerly prevailed, yet retaining all that is essential in the ancient formula. It seems to be enough to file a petition setting forth the sale under the decree, the purchase, and the deed

by the commissioner, confirmation of sale, payment of the money if made for cash, that the deed was exhibited to the defendant and possession demanded, and praying that the writ may issue. The defendant should have reasonable notice of such application. 1 Hopkins' Rep., *supra ;* 2 Ala., *supra.* There was no objection in the chancery court to the form of the application. Both parties seem to have contested on the merits. For that purpose they made an agreed state of facts.

Let the decree awarding the writ be affirmed.