S. S. GIBSON v. ELLA MARSHALL, USE, ETC., AND F. G. HENDERSON, USE, ETC., v, ELLA MARSHALL, USE, ETC.

1. CHANCERY JURISDICTION. *Writ of assistance. Invoked by grantee of purchaser.*
   The chancery court may, upon the petition of the purchaser at a sale under a decree of that court, have a writ of assistance issued to put the grantee of such purchaser in possession of the land so bought, if such grantee, though not a party to the record, be entitled to possession as against him who has the possession.

2. CHANCERY PRACTICE. *Petition for writ of assistance by purchaser. Right of stranger to interpose. Case in judgment.*
   M., a purchaser of land under a decree of the chancery court, petitioned the court for a writ of assistance to put G., her grantee, in possession. H., who was not a party to the original suit, interposed by a petition in which he set out that one K. held a deed of trust on this land from G., the defendant in the original suit, prior to the purchase of M.; that he, H., had attached K. in the circuit court, and had garnished G., and had since obtained judgment against K.; that K. was not a party to the original suit. H. asked that the prayer of M. be not granted, that the land be sold and the proceeds applied to the payment of his claim. On the motion of M. the petition of H. was, by order of the court, stricken from the files of the case. *Held*, that such order was correct.

APPEALS from the Chancery Court of Warren County.

HON. WARREN COWAN, Chancellor.

S. S. Gibson and others, tenants in common, filed a bill in chancery for a partition of certain real property in Warren County. On final hearing the Chancellor decreed a partition and ordered that the several tenants pay ratably to M. Marshall an attorney's fee for conducting the partition proceedings; and it was further ordered

that in case any one of them failed so to do that his interest in the land be sold to satisfy his part of the fee. S. S. Gibson having failed to pay his portion of the fee, his interest in the land was sold by a commissioner and bought in by Mrs. Ella Marshall. This sale was duly confirmed. Mrs. Marshall then sold the land to Mrs. Mary A. Gibson. S. S. Gibson having refused to give up the land to Mrs. Gibson, Mrs. Marshall filed this petition praying that the chancery court issue a writ of assistance to put Mrs. Gibson in possession. Thereupon one F. G. Henderson, for the use of George H. Dorsey, filed a petition in which he set out that one George M. Klein held a deed of trust on the land from S. S. Gibson, prior to the purchase of Mrs. Marshall; that petitioner had, in the circuit court, attached Klein and garnished Gibson, and had since obtained judgment against Klein, and that the land was liable for his judgment; and that Klein had not been made a party to the suit for partition of this land. The petition prayed that the petitioner be subrogated to the rights of Klein, and that the lands be sold and the proceeds be first applied to the payment of his claim. On motion, this petition of Henderson's was stricken from the files. On the final hearing the Chancellor granted the prayer of the petition of Mrs. Marshall and ordered that a writ of assistance be issued, "commanding the sheriff *instanter* to place said Mrs. Ella Marshall, for the use of Mrs. Mary A. Gibson, in possession of the land mentioned in said petition." F. G. Henderson and S. S. Gibson appealed.

*J. M. Gibson,* for the appellants.

Mrs. Gibson bought the title of Mrs. Ella Marshall. She took the risk of that title, and she must look to the law court for her remedy.

The chancery court had parted from all control of the matter. As to her and her rights, she is an entire stranger to the proceeding, and hence cannot ask for relief from it by motion or application for assistance. The old rule of chancery practice was that the purchaser at commissioner's sale must sue or apply for the writ in the name of the vendor. And the remedy was given him. Why? because the court had still control of the fee, and could

force him to execute or perfect the terms of his purchase, hence that he could demand the writ as reciprocal benefit.

But the courts universally hold that a stranger to the record cannot ask this. No one will contend that a *purchaser* from a *purchaser* at the chancery sale stands in any way as a party over which the court has control or is in any manner a party to the record. We contend that the writ of assistance was improperly ordered; that when the sale to Mrs. Marshall was confirmed, and when she sold to Mrs. M. G. Gibson, the power of the chancery court was exhausted in the case and the jurisdiction ended. It will not avail that Mrs. M. G. Gibson brings the petition in the name of Mrs. Marshall. 13 Smedes & Marshall 132; 2 Daniell's Chancery Practice 1280; *Gilcreast* v. *Magill*, 32 Ill. 300; *Jones* v. *Hooper*, 50 Miss. 123; 2 Smith's Chancery Practice 214.

*Catchings & Dabney*, for the appellee.

1. To state the case as to Henderson's petition "for the use of Geo. F. Dorsey" is to dispose of it.

In the first place, by his own showing he had no rights against the property either in this or any other proceeding.

All that the petition showed was that he had a judgment against Geo. M. Klein, and that S. S. Gibson owed Klein and had given a deed of trust on this land to secure Klein. It showed no service of garnishment and no judgment against the garnishee.

But if it had shown both of those facts, Henderson and Dorsey, being strangers to the case, had no standing in it.

They could not interject their petition in the nature of an original bill in the case, which had been concluded and determined between all of the parties to it, and nothing remained but to execute the final decree, which was being sought to be done.

2. The point is not good if made in full time. Because the court in the nature of things must have jurisdiction to execute its decrees and enforce them "as between the parties and those claiming under them" and has such power. *Harvey* v. *Morton*, 10 Geo. 508; Hopkins' Chy. 422; *Griswold* v. *Simmons*, 50 Miss. 123.

There is no reason or force in appellant's position that Mrs. Marshall could maintain a request for the writ of assistance for

herself but not for one to whom she has sold. Nor is there any reason why Mrs. Gibson should have to bring ejectment when she holds under and by virtue of a decree in a case in which S. S. Gibson was a party.

There is every reason why the court should have jurisdiction to enforce its decree even in favor of a vendee of the purchaser at the chancery sale. It appears that Mrs. Gibson bought only a day or so after the confirmation of the sale to Mrs. Marshall and naturally presumed that possession would be delivered.

COOPER, C. J., delivered the opinion of the court.

The petition of Henderson was properly dismissed. He is a stranger to the record and is neither in possession of the land nor entitled to possession. That he has a debt against Klein, and has sued on it and garnished, the defendant, who is indebted to Klein and has given a mortgage to secure Klein, gives him no standing in this cause. His right to proceed in the proper manner to enforce his security against the land, if any he has, will not be impaired by any change in the possession of the land which may be made by any order in this cause. Whether the writ of assistance should issue in favor of the grantee of the purchaser is a question not free from difficulty. On the one hand it may be said that the decree is never entirely executed until the possession of the property is changed, and, on the other, that a stranger to the record is not entitled to invoke the aid of the court. So far as we are advised, the question has never been determined by any court of last resort in America. In *People* v. *Green*, 45 Cal. 97, it was decided that under a statute of that State giving the writ of assistance to the "holder" of a tax deed, the grantee of the purchaser was not entitled to invoke the writ, the court saying that "holder" meant the grantee in the deed executed by the sheriff. In *City of San Jose* v. *Foster*, Ib. 316, it was said that the statute only intended to confer the benefit of the writ on such persons as under the established rules of chancery practice would have been entitled to its aid if they claimed under a decree, and that because in chancery the writ would not run in favor of the grantee of a purchaser, so

also ought the statutory writ to be denied to such person, but when in *Langley* v. *Voll*, 54 Cal. 435, the writ was asked by the grantee of a purchaser at a foreclosure sale, the court having decided that, being a stranger to the record, it could not be granted, it upon reconsideration withdrew so much of its opinion as decided that question, and as relief was denied upon another ground, expressly left the point open until a case should arise in which it should be necessary to a decision.

In *Van Hook* v. *Throckmorton*, 8 Paige's Chy. 29, the Chancellor said : "There is no settled practice of this court entitling a purchaser from a purchaser at a master's sale, as a matter of right, to the assistance of the court to obtain possession of the premises which his grantor had purchased under the decree, and such assistance should not be given to him when there is, as in this case, a very strong probability that injustice would be done to the party in possession by such proceedings." In *Insurance Company* v. *Rand*, 8 Howard's Pr. Reports 35, the supreme court held on this statement of the Chancellor "that in a plain case, where no injustice would be done the person in possession, the court had the power and would exercise it in favor of a second purchaser."

According to the English practice, it seems that the purchaser from the master was considered as a stranger, and because he was, could not apply for the writ, but that if the complainant would apply for it for his benefit, it was as a "motion of course." 2 Smith's Chancery Prac. 214.

And at one time it was said in this State that the writ could not be applied for by the purchaser at the master's sale, because he was not a party to the record. *Wilson* v. *Polk*, 13 S. & M. 131.

But in *Hayden* v. *Redus*, 43 Miss. 636, and *Jones* v. *Hooper*, 50 Miss. 510, it is said that the purchaser by his bid subjects himself to the jurisdiction of the court and becomes a party to the suit so far as to enable him to move for confirmation of the sale or for the writ of assistance. In the latter case the court says : "The authorities, both in England and in this country, are abundant, that the purchaser may petition in his own name."

This being the rule in this State, we know of no reason why he

may not invoke the writ, being a party to the cause, in aid of his grantee, just as under the ancient English practice the complainant might invoke it in aid of the purchaser.

There is no suggestion in the case now before us that the defendant has any right to the possession of the premises as against the purchaser or his grantee, and under such circumstances we think the writ ought to be given.

<i>The order of the court is therefore approved.</i>