THE STATE OF KANSAS *ex rel.* J. D. BRUMBAUGH *v.*
JAMES MAGILL, TREAS. MARSHALL CO., Resp'dt.

*Application for Writ of Mandamus.*

Decision in Guittard Tp. *v.* Marshall Co. Com'rs (*ante* p. 388), confirmed.
A tax deed executed to a county, being unauthorized and void, cannot operate to prevent the treasurer of the county from assigning the certificates of sale of lands for taxes, although the treasurer has delivered the certificate to the county clerk on the execution of the deed.

The treasurer is the legal custodian of the tax certificates until sold to an individual, and he must hold control thereof, the order of the board of county commissioners to the contrary notwithstanding.

An individual may compel, by mandamus, the treasurer to assign such certificates issued to the county.

This was an application for a peremptory writ of mandamus, requiring the treasurer of Marshall county to assign to the relator two certain tax sale certificates for lands bid off by Marshall county at the tax sales of 1862 and 1863.

It was admitted that the relator, on the 13th day of January, 1868, tendered to the treasurer of said county the whole amount of taxes, penalty, interest and costs due on these lands, named in the certificates, and demanded an assignment of the certificates to himself, and that the assignment was refused.

The treasurer answers by saying that the lands named in the certificates were deeded to the county of Marshall more than two years prior to the 13th day of January, 1868, and that more than two years had elapsed from the date of sale to the time of making the deeds; and that the county clerk of the county of Marshall has issued the deeds, and caused them to be recorded, and that, in consequence of this proceeding, the certificates of sale have passed from his possession and beyond his control. These facts were admitted, and the application grounded upon the whole facts as shown by the petition and answer.

*J. D. Brumbaugh*, for relator.

*Martin, Morton & Burns*, for respondent.

*Brumbaugh* contended:

1. The tax deeds made by the county clerk are void, for the want of authority to make them. By sec. 44 of "An act to provide for the assessment and collection of taxes," approved Feb. 27th, 1860, these certificates were assignable by the county treasurer to any person offering to pay therefor a sum equal to the cost of redemption, at any time. This section was in force until repealed by sec. 12 of "An act relating to county finances," approved March 1st, 1864. *Laws* '64, *p.* 73.

2. County clerks can do no legal act in their official capacity not delegated to them by the legislature. The very law authorizing them to make tax deeds to persons holding tax certificates, forbids the idea that they have any such authority to make them to the county. Section 10 of "An act to amend 'An act to provide for the assessment and collection of taxes,' approved March 6th, 1862" (*Comp. L.*, 877), which was the law in force when these tax deeds were executed, provides that "If any land, sold for taxes, shall not be redeemed within the time specified by law, the county clerk of the county where the same was sold shall, on presentation to him of the certificate of sale, execute, in the name of the county, as county clerk, under his hand and seal, to the purchaser, his heirs and assigns, a deed of the land so remaining unredeemed," &c. Who is to present this certificate to the county clerk where the land is bid off to the county? It is no part of the duty of the county commissioners, nor is the certificate in their possession. It is no part of the duty of the county treasurer to present these certificates to the county clerk, nor has he authority to do so without express legislation. It was clearly the intention of the

legislature that these certificates should remain in the office of the county treasurer, and be subject to assignment by him whenever any person would offer to pay the tax and cost of redemption for them. If the county clerks had authority to make tax deeds, and the county authority to receive them, then the counties become liable to the different corporations, such as townships and school districts, for their proportion of tax due on such certificates. This burden was never intended to be imposed upon the counties.

3. If the court should find these tax deeds made to Marshall county void, then I submit it was the duty of the county treasurer to make out certificates to the relator, or to assign those already made out, and his authority therefor is found in the latter clause of sec. 88, p. 282 (*L.* 1866), and sec. 74, p. 277 (*id*). In the interpretation of statutes, "shall" may be substituted for "may." 22 *Barb.*, 412; 5 *Johns. Ch.*, 113.

*Martin, Morton & Burns*, for respondent, made the points following:

The return of respondent is sufficient.

1. For the reason that the certificates are not in the possession or under the control of the treasurer. He parted with them in good faith, in obedience to the order of the county commissioners—a tribunal that has the right to control all matters relating to the county. (*See Comp. L.*, 412, § 15.) This being true, he ought not to be held to the performance of an unreasonable act. *See* 8 *Ohio S.*, 347; 7 *id.*, 278.

2. This proceeding is, in effect, an attempt to review the order of the county board of commissioners in

ordering the deeds to be made. This cannot be done. *See* 23 *Mo.*, 449.

3. The county had a right to take deeds for the land. (*Comp. L.*, 867, § 42.) This section provides that if no other bids are offered to pay the taxes, the treasurer shall bid it off for the county ; then the county must, undoubtedly, at some time and in some way, acquire title. Sections 43 and 44 provide for the issuance of a certificate to the county. The certificates issued to the county are just like certificates issued to individuals. They are transferable, subject to redemption, and state when a deed is due for the land sold. But sec. 48 (*p.* 868, *Comp. L.*) is still more clear. This section provides that the land may again be sold for taxes, after the happening of either one of the three following contingencies : 1. The redemption of the land. 2. An assignment of the certificate by the county ; or, 3. By a sale of the land by the county. A redemption is not a sale. An assignment of the certificate is not what is meant by the section quoted, because the assignment is one of the three contingencies mentioned. Then how can it be sold? Not by an assignment; but the only way that can be reasonably conjectured how this sale is to take place, is by the county taking a deed and then selling it as her property, and conveying the same by deed to her grantees. If this is not true, it follows that the property might remain in the hands of the county for all time to come, without paying or yielding a dollar of revenue to the state or county. But sec. 56 of chapter 197 (*Comp. L.*, 870), and sec. 10, chapter 198 (*Comp. L.*, 877), in providing for deeds for land sold for taxes, makes no distinction as to who shall and who shall not have deeds. But any holder of a certificate, on presenting the same after the lapse

of two years from the date of sale, shall be entitled to receive a deed for the property named in his certificate. The county holds these certificates just as any private person; and certainly nothing in the language of the sections quoted conveys any idea of exclusion as to the county. If not excluded, the county must then, as a logical result and legal conclusion, be included, and therefore entitled to a deed; and if entitled to take the deeds, and in pursuance of this right did take the deeds, before the application of the relator to take an assignment of the certificates, then the peremptory mandamus ought to be refused by the court. But it is claimed that if the county has a right to take deeds, she thereby becomes liable to the townships, school districts and road districts for all taxes due to them on the land so deeded. We say not. The county takes the land and holds the same by operation of law, not an act of her own. This being true, the county holds the land simply as trustee for the joint use and benefit of herself, the townships, road districts and school districts. When the lands are sold, it is the duty of the treasurer to pay over to each of these parties its proper proportion of the taxes due. With the state it is different. To the state the county is directly liable for all tax, by express provision of law.

*By the Court*, SAFFORD, J.

The same questions which have just been decided by this court in the case of Guittard Township *v.* the Board of County Commissioners of Marshall County, are presented in the record now before us. We have carefully considered the argument of counsel as opposed to the conclusions reached in that case, and see no good

reason to change them. Referring, therefore, to the reasoning as there given, we hold in this case, that the deeds taken by Marshall county for the lands sold for taxes, as set out in the record, were unauthorized by law, and are, therefore, void and of no effect.

Such deeds cannot, therefore, interfere or operate to prevent the respondent from assigning the certificates in question to the relator herein, according to his demand upon him, as shown by the record. The question then presents itself: Is he excused from so assigning said certificates by reason of his having delivered them to the county clerk, in behalf of the county, and causing the deeds to be issued thereon by said clerk? We think not. He was and is the custodian of the certificates, under the law, and if he has parted with them for the purpose named, or in any other way than by assignment to some person entitled to receive them, he has done that which he had no authority to do, and should be required to possess himself of them again. We hold this the more readily, because the respondent may easily recover possession of the tax certificates, as they are, without doubt, in the care and custody of the county clerk. But it is said that the respondent delivered said certificates to the county clerk, under the orders of the county board, and that such fact should excuse him. This cannot be held to be the law.

Their direction to him to do an act unauthorized by law would not help him at all. The law itself must be his guide in reference to matters of this kind, and not the county board.

It appearing, therefore, that the relator, in making his demand for the assignment of the tax certificates described in the record, upon the respondent, has

brought himself within the provisions of law regulating such assignment to individuals when such tax certificates have been issued to the county; and no sufficient reason having been given why the respondent, as treasurer of Marshall county, should not be required to make such assignment to the said relator, it is, therefore, ordered that a writ of mandamus be issued from this court requiring the said respondent to assign and deliver to the relator the tax certificates mentioned and described in his petition herein, and in accordance with the prayer in said petition contained.

All the justices concurring.