ALBERT G. SMITH, *et al.*, v. JOHN T. SMITH, *et al.*

EQUITY; *Improvements made, and Taxes paid, by Party Holding Lands under Void Tax-Deed.* Where a person is in possession of certain real estate, holding the same under a tax-deed executed in 1864, upon a tax-sale certificate issued in 1862 to a county, and assigned in 1864 to the holder of the tax-deed by the county treasurer, who had no authority at that time to assign the same; and where such person has, while holding said real estate under said tax-deed, made lasting

and valuable improvements on said real estate, *held*, that although said tax-deed is void upon its face, yet, that the holder thereof, when an action is brought against him by the original owner of said real estate for the recovery of the same, is entitled to the benefit of both the " occupying-claimant act," and § 117 of the tax law.

### *Error from Atchison District Court.*

EJECTMENT, brought by *Albert G. Smith* and two others as plaintiffs, against *John T. Smith* and another, as defendants, for a lot in the city of Atchison. Plaintiffs' petition alleged title in fee and right of possession in plaintiffs, and wrongful withholding by defendants. One defendant disclaimed, except as a tenant under defendant *John T. Smith*, who claimed title in himself under a tax-deed issued to one "J. T. Morse, his heirs and assigns," June 1st 1864, on a ax sale made in May 1862. Said tax-deed, which was made a part of the answer, contains this recital:

"And whereas, the county treasurer of said Atchison county did, on the 16th of May 1864, duly assign the certificate of the sale of the property as aforesaid, and all the right, title and interest of said Atchison county in and to said property, to J. T. Morse, of the county of Atchison, and state of Kansas."

Defendant also alleged due and proper conveyances from said Morse to himself. And for a further defense, said defendant alleged the payment of taxes, etc., from the date of said tax sale, for which he claimed lien on the land, and also that he had made certain lasting and valuable improvements on said lot, for the value of which he claimed the benefit of the occupying-claimant act. Plaintiffs demurred. The district court, at the June Term 1874, sustained said demurrer, "holding" (says the transcript,) "the law of the case to be, that said tax-sale certificate, and such tax-deed were void, but that the defendant or holder thereof was entitled to the benefit of the provisions of § 117, chapter 107, of General Statutes, and that he had a lien thereunder for the amount specified in such tax-deed, with costs of deed, and recording, and interest thereon at the rate of twenty per cent. per annum, and for other amounts of taxes paid, with interest at

the rate of twenty-five per cent. per annum thereon; and that the defendant was entitled to benefit of the occupying-claimant act, for the lasting and valuable improvements made by him on said lot." From said decision sustaining defendants' claim for a lien for said taxes, and to the benefits of the occupying-claimant act, plaintiffs appeal, and bring the case here on error.

*W. W. Guthrie,* for plaintiffs in error:

The assignment of the tax certificate was to all intents and purposes no assignment at all. It was void; 6 Kas. 65, 73. Being void, it neither existed as a legal fact, nor as evidence of the existence of any fact in favor of its possessor; 9 Kas. 477.

To constitute a "tax-deed" that could "be defeated in an action" it must be a deed attacked by evidence, not illegal on face: 6 Kas. 74; 5 Kas. 498; 4 Kas. 500; 9 Kas. 677–685.

The claim of defendants in error for taxes paid both before and after the date of the tax-deed, stands only as the claim of one who has paid taxes by mistake, viz., the legal taxes paid, and interest at seven per cent.; and the burden of proof is on claimant, as in other cases of money demands.

The same principle applies as to the claim for benefit of occupying-claimant act. Defendant does not "hold any land under any sale for taxes authorized by the laws of this state." (Civil Code, § 601, clause 4, Gen. Stat. 749.) His claim is illegal, and he cannot complain of his own act: 6 Kas. 74; 1 Ohio St. 118–122; 11 Ohio St. 339–347. This is not like the case of *Stebbins v. Guthrie,* 4 Kas. 353.

*A. H. Horton,* and *B. P. Waggener,* for defendants:

The purpose and object of § 117 of the tax law of 1868, was to give the holder of a tax-deed, or any one claiming under him by virtue of such tax-deed, all the taxes and all the interest therein provided, in case the title under such deed should fail, as an inducement to bid in property sold for

taxes. To render the investments in such deeds secure, this section provides that if "the holder of a tax-deed *be defeated*," etc., he shall recover the said taxes, interests and costs therein named. If the court now holds that said § 117 does not apply to defendant John T. Smith, in this case, then said section is virtually declared nugatory, and without any effect, as "the experience of other states has shown that most titles held in that way would, upon proper proceedings had, be likewise declared void." *Stebbins v. Guthrie*, 4 Kas. 366. The experience of judicial proceedings in this state, before and since the rendition of the said decision above named, has fully confirmed the experience of other states, as to the frequency with which tax-deeds are held null and void. See cases in 4 Kas. 388, 415; 6 Kas. 65; 7 Kas.; 8 Kas. 90, 677; 9 Kas. 477, 615, 632; 12 Kas. 32. Again, the court below held that in the event of the failure of title, that defendant in possession of the premises, and claiming under a tax-deed, was entitled to the benefit of the statute and provisions for the relief of occupying claimants of land. This ruling of the court should be sustained. Laws of 1873, 203, 204; Gen. Stat. 750, § 602; *Stebbins v. Guthrie*, 4 Kas. 353. In the last-named case, the claimants, Stebbins and Porter, were in possession under a tax-deed which the court held null and void, and yet this court held that this was sufficient to authorize the parties to claim the benefit of the occupying-claimant law. See also, 2 Ohio, 236; 13 Ohio, 320; 1 Kas. 248.

The opinion of the court was delivered by

VALENTINE, J.: This was an action for the recovery of certain real property, to-wit, Lot 2, in Block 2, in the city of Atchison. In this opinion we shall speak of the plaintiffs, and those under whom they claim, as the "plaintiff," and the defendants, and those under whom they claim, as the "defendant," and shall not mention particularly each separate person. The plaintiff was the original owner of the lot in controversy. The defendant holds the same under a tax-

deed. The court below held the tax-deed void, but also held that the defendant was entitled to the benefit of the "occupying-claimant act," (Gen. Stat. 749, § 601, et seq.,) and also of § 117 of the tax-law, (Gen. Stat. 1057.) The plaintiff claims that the court below erred, and brings the case to this court for review. The facts of the case are substantially as follows: The plaintiff neglected and failed to pay the taxes on said lot from 1860 up to the commencement of this action. In May 1862, the lot was sold to the county of Atchison, for the taxes of 1861. The taxes for the years 1862 and 1863 were charged up against said lot. In May 1864, the defendant paid into the county treasury the amount of the taxes, interest and costs then due on said lot for the years 1861, 1862 and 1863, and obtained a tax-sale certificate for the lot, assigned to himself by the county treasurer of said county. In June 1864, the defendant obtained a tax-deed on this certificate, and had the same immediately recorded in the county register's office, and then took possession of the property, and has had possession of the same ever since. He has also made lasting and valuable improvements on said lot, and has paid all the taxes accruing thereon ever since his supposed purchase of the tax title. Now, under these circumstances, what are the respective rights of the plaintiff and defendant? Now, while we think the tax-deed is void upon its face, and confers no title upon the defendant, yet we think the defendant is entitled to the benefit of the occupying-claimant act, and of the provisions of § 117 of the tax law. As to the defendant's right to the benefit of the occupying-claimant act, we think the case of *Stebbins v. Guthrie*, 4 Kas. 353, is sufficient authority. Although said tax-deed is void upon its face, yet it takes a process of reasoning to make it apparent; and hundreds and perhaps thousands of just such deeds have been executed in the various counties in this state; and until a judicial decision of this court was promulgated, announcing that such deeds were void upon their face, the whole question was considered both by bench and bar as enveloped in considerable obscurity and uncertainty.

An occupant of land under such a deed is entitled to the benefit of the occupying-claimant act. And for the same reason, and others, we think the occupant of land under such a deed is entitled to the benefits of § 117 of the tax law. Said section reads as follows:

"SEC. 117. If the holder of a tax-deed, or any one claiming under him by virtue of such tax-deed, be defeated in an action by or against him for the recovery of the land sold, the successful claimant shall be adjudged to pay to the holder of the tax-deed, or the party claiming under him by virtue of such deed, before such claimant shall be let into possession, the full amount of taxes paid on such lands, with all interest and costs as allowed by law, up to the date of said tax-deed, including the costs of such deed and the recording of the same, with interest on such amount at the rate of twenty per cent. per annum, and the further amount of taxes paid after the date of such deed, and interest thereon at the rate of twenty-five per cent. per annum."

This statute was enacted in the interest of equity and justice, and its provisions should be so construed as to promote justice. It is wholly unlike that class of statutes which attempts to give the land of one person to another for an inconsiderable sum. The former is liberally construed, the latter is strictly construed. The former was enacted for just such cases as the one at bar. It was enacted for void tax-deeds, and not for valid tax-deeds. A person holding under a valid tax-deed has no need of such a statute. Only persons holding under void tax-deeds need such a statute. The laws under whose provisions tax titles are created are usually construed strictly, and therefore, we hold that the tax-deed in this case is void. But laws enacted for the purpose of enforcing, in a fair and reasonable manner, the delinquent members of society to discharge that moral obligation resting upon them as well as upon others to bear their proportionate share of the public burdens, are always construed liberally, so as to promote their object, and therefore we hold that before the plaintiff can recover his property he must pay to the defendant the taxes which he ought to have paid a long time ago to the public officers, and which the defendant has

himself paid. As to the duty of a person to pay his taxes, see *Gulf Rld. Co. v. Morris*, 7 Kas. 230, et seq. As to the equitable rule in granting relief to plaintiffs who seek to avoid the payment of their taxes, see *Challiss v. Hekelnkœmper*, 14 Kas. 475, 477, and cases there cited.

The judgment of the court below is affirmed.

All the Justices concurring.