## JOHN BELZ v. LORENZO F. BIRD.

1. **TAX SALE** on *Defective Notice, Voidable.* Where the county treasurer in giving notice of a tax sale, states that he will "offer for sale" certain real property for delinquent taxes, instead of saying that he will "offer for sale at public auction" the said property, the sale made upon such notice will not be absolutely void, but at most only voidable.

2. **SALE** to *County; Second Offer, When.* And in such a case, where the property is sold for such delinquent taxes to the county, *held*, that the property should not again be offered for sale for delinquent taxes until the property has been redeemed from the original sale, or has been sold by the county, or the tax-sale certificate has been assigned.

3. ———— *Land Not Redeemed, Nor Sold by County, etc.* And where real property in 1862 was sold to the county for the delinquent taxes of 1861, and in 1864 the county treasurer, without any authority, assigned the tax-sale certificate to B., and the county clerk, also without any authority, executed to B. a tax deed on such certificate, *held,* that such property was not redeemed, nor sold by the county, nor, in legal contemplation, was the tax-sale certificate assigned.

4. **SECOND TAX SALE,** *Voidable.* And in such a case, where the property in 1862 was sold to the county for delinquent taxes, in pursuance of a notice like the one mentioned in No. 1 of this syllabus; and afterward, in 1876, before the land had been redeemed, or sold, or the tax-sale certificate assigned, except as mentioned in No. 3 of this syllabus, another sale of such property is made to the county for still other and subsequent delinquent taxes: *Held,* That such second sale, though not void, is voidable.

5. **TAX LIEN,** *Sale to Satisfy.* Where a person holding a tax deed founded upon the tax sale first above mentioned, commences an action of ejectment against the person who holds a tax deed founded upon the second sale above mentioned; and the tax deed founded upon the first sale is void for two or three different reasons; and the person holding the tax deed founded upon the second sale has also procured the original owner's title, and, by virtue of his combined titles, defeats the plaintiff in the action: *Held,* That the taxes which the plaintiff has paid upon the property are a lien thereon, and the property may be sold to satisfy the same.

*Error from Atchison District Court.*

ACTION brought by *Belz* against *Bird,* to recover the possession of lot number five, in block lettered "V," in that part of the city of Atchison known as Old Atchison. Trial

by the court May 19, 1882, and judgment for defendant. The plaintiff brings the case here. The opinion states the facts.

*Mills & Wells,* for plaintiff in error.

*H. M. Jackson,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action of ejectment, brought August 29, 1881, by John Belz against Lorenzo F. Bird, to recover a certain lot in the city of Atchison. The case was tried on May 19, 1882, by the court without a jury, and the court made special findings of fact and of law, and rendered judgment upon such findings in favor of the defendant and against the plaintiff for costs. May 18, 1883, the plaintiff brought the case to this court.

The plaintiff's claim of title is founded upon two tax deeds, the first of which was executed on May 24, 1864, for the taxes of the years 1861, 1862, and 1863, in pursuance of a tax sale made May 22, 1862, for the said taxes of 1861. The second tax deed was executed June 17, 1881, for the taxes of the years 1861, 1862, 1863, 1864, 1865, 1866, 1867, 1868, 1869, 1870, 1871, 1872, 1873, 1874, 1876, 1877, 1878, and 1879; also in pursuance of the said tax sale of May 22, 1862.

The defendant's claim of title is founded upon a certain tax deed executed May 18, 1880, for the taxes of the year 1875, on a sale made September 9, 1876, for said taxes of 1875; and also upon a judgment rendered in favor of the defendant and against the original owner of the land, about the month of December, 1881, quieting the defendant's title.

It seems now to be admitted by the plaintiff that his tax deeds are void as conveyances of title; but he still claims that in connection with the other facts and circumstances of the case, they are sufficient to authorize him to recover the taxes which he has paid on the property in controversy, together with interest and costs.

The first question we shall take into consideration will be the validity or invalidity of the defendant's tax deed; for if it is valid as a conveyance, there will be but little necessity to enter into any discussion of any of the other questions supposed to be involved in the case; for a valid tax deed extinguishes and destroys all other titles and liens existing or based upon anything existing at the time of the levy of the taxes upon which the tax deed is founded. ( *Board of Regents v. Linscott,* 30 Kas. 240.) Is the defendant's tax deed valid as a conveyance? The discussion of this question will require a discussion of almost all the questions involved in the case. The property in controversy has been taxable and taxed ever since and including the year 1861, and the plaintiff has paid the taxes for every year since that time, except for the year 1875. On May 22, 1862, the property was sold to Atchison county for the taxes of the year 1861. This sale seems to be regular and valid in every respect, except that the county treasurer in giving the notice of the sale simply said that he would "offer for sale" the property in controversy on the first day of May, etc., instead of saying that he would "offer for sale at public auction" the said property at said time. In other words, he did not state in the notice of sale specifically whether the sale which he intended to make would be at public auction, or not. Now the law requires that the notice of sale should state that the property will be sold "at public auction;" and it is possible that this defect in the present notice would alone invalidate any tax deed founded on such sale, provided any person having a right to contest the tax title should attack the same in a proper manner and at a proper time; but still we do not think that such a defect would render the sale itself absolutely void. We think the sale would nevertheless be valid until set aside in some proper proceeding by some competent authority. It would authorize a charging up of the subsequent taxes against the property on the book of tax sales, and in proper time it would authorize a tax deed to be executed upon such sale; and if the deed were not attacked by some proper proceeding until the statute of

limitations had run in favor of the deed, a perfect title would be obtained by virtue of such sale and such deed and such statute of limitations. Presumptively, the sale itself was in all respects legal and valid; presumptively, the property was in fact sold "at public auction," as the law requires; and therefore we must consider the sale as valid. As before stated, Atchison county was the purchaser at such sale.

On May 16, 1864, the plaintiff Belz took an assignment of the tax-sale certificate from the county treasurer; but as the county treasurer at that time had no authority to assign the tax-sale certificate, the assignment was void; and therefore the property still remained in legal contemplation, in the hands of Atchison county. (*Sapp v. Morrill*, 8 Kas. 677.) At the time of said sale in 1862, and since, the statutes of Kansas have provided "that no lands or town lots so bid off for the county shall be sold for any taxes levied subsequent to such bid, until they shall have been *redeemed*, or shall be *sold* by the county, or the tax certificate issued to the county shall have been *assigned*." (Comp. Laws of 1862, ch. 197, § 48; Gen. Stat. of 1868, ch. 107, § 96; Comp. Laws of 1879, ch. 107, § 122.) The property in controversy has never been "redeemed" from the sale of May 22, 1862, and in legal contemplation it was not "sold" by the county, nor was the tax-sale certificate "assigned" prior to the sale of September 9, 1876. Therefore the sale made to Atchison county on September 9, 1876, for the taxes of the year 1875, which is the tax sale upon which the defendant's tax deed is founded, is void. (*Morrill v. Douglass*, 17 Kas. 291.) Or more properly speaking, such sale is voidable; for if the tax sale and the tax deed founded thereon were not attacked by any person having a right to attack the same, until the statute of limitations had run in favor of the tax deed, the sale would be valid, and the tax deed founded thereon would, by virtue of the statute of limitations, ripen into a valid and perfect tax title. This, then, brings us to the conclusion that the defendant's tax deed is not sufficiently valid to withstand an attack made by any person who has any right to attack the

same. Now the original owner of the land undoubtedly had the right to attack the defendant's tax deed; but he did not do so, but on the contrary the defendant quieted his title as against the original owner, and by that means obtained the title of the original owner, as well as his own tax title under said tax sale of September 9, 1876, and the tax deed founded thereon; and as the title of the original owner was the better title, the title paramount, it must be held that the defendant's tax title is now merged in the original owner's title; for, as the defendant himself admits, when two titles are united in one and the same person, the less title is merged in the greater. And therefore if the plaintiff has the right to recover the taxes which he has paid, were the property still in the hands of the original owner, and were this suit a litigation between the plaintiff and the original owner, he still has a right to recover such taxes in this suit; for the present defendant in fact represents and is the successor of the original owner.

Now has the plaintiff the right to recover such taxes? It must be remembered that these taxes were not paid by the plaintiff for the purpose of redeeming the land, or for the purpose of discharging the land from the taxes, but they were paid for the sole purpose of procuring a tax title to the land; and hence such payment will not and cannot inure to the benefit of the original owner of the land, or to any person claiming under him. (*Haxton v. Harris*, 19 Kas. 511.) With reference to the original owner or his successor, the taxes have not been paid, but are still due upon the land and constitute a lien thereon. The only question that can be considered as in any respect doubtful, is whether the county of Atchison or the plaintiff is entitled to recover such taxes. The plaintiff paid them with no intention of giving them to the county, and no county officer has as yet claimed that they belong to the county, but all the officers having any connection with the transactions have recognized the plaintiff's right thereto. In 1864 the treasurer assigned the tax-sale certificate to the plaintiff, and the county clerk, in

pursuance thereof, executed a tax deed to him for the property. In 1881 the treasurer issued another tax-sale certificate for the benefit of the plaintiff, and the county clerk assigned the same to the plaintiff; and then the county clerk issued to the plaintiff another tax deed on such certificate; and no officer has ever yet attempted to collect the taxes from the original owner of the land, or from his grantee or successor. And the law-making power of the state has also said, in express terms, that the party paying the taxes in such cases, and not the county, shall be entitled to recover them. (Gen. Stat. of 1868, chap. 107, § 117; Comp. Laws 1879, chap. 107, § 142.) These chapters are the general tax laws of Kansas, passed respectively in 1868 and in 1876.

This court has already held, in the case of *Smith v. Smith,* 15 Kas. 290, 294, *et seq.,* that where a person was in possession of real estate under a tax deed, executed in 1864 upon a tax-sale certificate issued in 1862 to the county, and assigned in 1864 to such person by the county treasurer, *who had no authority at the time to assign the same,* and the original owner commenced an action of ejectment against such person and ousted him from the premises—such person was entitled to the benefit of said § 117 of the tax law then in force, and might recover the taxes paid by him from the original owner. And said § 117 is identical with said § 142 of the present tax law, so far as the present question is concerned.

This court has also held, in the cases of *Fairbanks v. Williams,* 24 Kas. 16; *Arn v. Hoppin,* 25 id. 707; and *Russell v. Hudson,* 28 id. 99, that said § 142 of the present tax law applies to actions of ejectment where the holder of the tax deed is not in the possession of the property, and where the action is brought by the holder of the tax deed to obtain the possession, as well as to actions of ejectment brought against the holder of the tax deed, who is in possession. In the last case cited it was held that the court, after deciding the case against the holder of the tax deed, might declare the taxes which he had paid a lien upon the land, and might order that the land be sold to satisfy the same. And it would seem

that in all cases of void tax deeds, whatever may be the grounds upon which the deeds are held to be void, the holder of the tax deed, when defeated in an action of ejectment, whether he is the plaintiff or the defendant, may recover the taxes which he has paid. (*Smith v. Smith,* 15 Kas. 290, 295; *Fairbanks v. Williams,* 24 id. 16; *Coe v. Farwell,* 24 id. 566; *Estes v. Stebbins,* 25 id. 315, 321; *Arn v. Hoppin,* 25 id. 707; *Russell v. Hudson,* 28 id. 99.) The foregoing would also seem to be the rule in many cases where the holder of the tax title is defeated in an action to quiet title. (*Knox v. Dunn,* 22 Kas. 683; *Corbin v. Young,* 24 id. 198, 202; *Shaw v. Kirkwood,* 24 id. 476; *Cartwright v. McFadden,* 24 id. 662; *McKeen v. Haxtun,* 25 id. 698.) And for similar rulings in still other cases, *Hoffmire v. Rice,* 22 Kas. 749; *Millbank v. Ostertag,* 24 id. 462, 471, *et seq.; Wilder v. Cockshutt,* 25 id. 504, 509, *et seq.* We think the foregoing cases conclusively settle the present case. Upon the foregoing decisions we think the court below should adjudge that the taxes paid by the plaintiff are a lien upon the property in controversy, and that in default of their payment by the defendant the property be sold to pay the same. Of course the taxes paid by the defendant for the year 1875 constitute a prior lien to that of the taxes of previous years; and if the property in controversy must be sold to pay the taxes, the taxes of 1875 should be paid prior to the taxes of any previous year.

The judgment of the court below will be reversed, and the cause remanded for further proceedings in accordance with this opinion.

All the Justices concurring.