## JAMES McFADDEN, *et al.,* v. DUVAL C. GOFF.

1. TAX-SALE CERTIFICATE AND ASSIGNMENT, *Valid; Tax Deed, Valid.*
At a tax sale in 1863, a certain piece of land was sold to the county for
the delinquent taxes of 1862, and a tax-sale certificate was issued to the
county, which has never been assigned. On June 14, 1872, and in pur-
suance of said tax-sale of 1863, another tax-sale certificate was issued, for
all the taxes due on the land up to and including the taxes of 1871.
This tax-sale certificate was issued by the county treasurer to "McFad-
den & Thompson," and was assigned by the county clerk to "McFad-
den & Thompson," but in all other respects it was issued and assigned
in accordance with § 91 of the tax laws then in force. ( Gen. Stat. 1868,
ch. 107, § 91; see also § 111 of the tax laws then in force.) Afterward,
and on September 7, 1875, the land was again sold, for the delinquent
taxes of 1874; and on August 25, 1880, a tax deed was duly executed to
the purchaser at the last-mentioned. tax sale. *Held,* That the tax-sale
certificate issued on June 14, 1872, and the assignment thereof, were
sufficiently valid to authorize the county officers to again sell the land
in 1875, for the delinquent taxes of 1874; and this notwithstanding
the fact that the original tax-sale certificate issued on May 5, 1863, has
not been assigned, and that the tax-sale certificate of June 14, 1872, was
issued and assigned to "McFadden & Thompson," and not to such par-
ties by their full names. And *further held,* that the tax deed founded on
the tax sale of September 7, 1875, and executed August 25, 1880, is valid.

2. TAX DEED — *Effect on Other Titles.* A valid tax deed extinguishes and
destroys all other titles and liens existing or based upon anything exist-
ing at the time of the levying of the taxes upon which the tax deed is
founded.

### *Error from Marshall District Court.*

ACTION in the nature of ejectment, brought by *McFadden*
and another against *Goff.* Trial by the court, January 5,
1884, and judgment for defendant. The plaintiff brings the
case to this court. The facts appear in the opinion.

*J. A. Broughten,* for plaintiffs in error.

*W. W. Guthrie,* and *W. S. Glass,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action in the nature of eject-
ment, brought by James McFadden and Thomas H. Thomp-

son against Duval C. Goff, for the recovery of a certain piece of land situated in Marshall county, Kansas. The plaintiffs claim title under a tax deed, and the defendant claims title under a subsequent tax deed and a quitclaim deed from the original patentee. The action was tried by the court, without a jury, and the court rendered judgment in favor of the defendant and against the plaintiffs for costs; and of this judgment the plaintiffs now complain.

The facts of the case, so far as it is necessary to state them, appear to be substantially as follows: In 1862, the land in controversy was taxable, and taxed. On May 5, 1863, it was sold for the taxes of 1862, to Marshall county, and a tax-sale certificate was issued to Marshall county, which tax-sale certificate has never been assigned, but still remains in the office of the county clerk. On December 5, 1865, a tax deed was issued to Marshall county on said certificate, and such tax deed was recorded on December 18, 1865. On June 14, 1872, another tax-sale certificate was issued, on the tax sale of May 5, 1863, which certificate included all the taxes due on the land up to and including the taxes for the year 1871, amounting to $145.96. This tax-sale certificate was issued by the county treasurer to "McFadden & Thompson," instead of to James McFadden and Thomas H. Thompson. In all other respects the tax-sale certificate was issued and assigned in accordance with § 91 of the tax laws then in force. (Gen. Stat. 1868, ch. 107, § 91.) Upon the same day, and upon said tax-sale certificate, the county clerk executed a tax deed to "McFadden & Thompson." This tax deed was recorded June 24, 1872. The plaintiffs paid the taxes for 1872 and 1873. The taxes of 1874 were not paid, and on September 7, 1875, the land was sold for such last-mentioned taxes. On August 25, 1880, a tax deed was duly executed by the county clerk to O. F. Scouten, on the tax sale of 1875, and for the taxes of 1874 up to 1879. This tax deed was recorded on the same day. On March 14, 1882, Scouten conveyed the property by warranty deed to the present defendant, Duval C. Goff, who immediately took possession of the property, and

has continued to hold the possession thereof up to the present time. Prior to March 14, 1882, the land was vacant and unoccupied. The defendant has paid the taxes for 1880, 1881, and 1882. On June 5, 1882, the defendant's grantor, Scouten, acquired the patent title by a quitclaim deed from the original patentee. On September 26, 1882, the plaintiffs commenced this action, and on November 14, 1882, the defendant answered; and on January 5, 1884, the trial was had by the court without a jury, which resulted, as before stated, in a judgment for costs in favor of the defendant.

There is no question raised with regard to the validity of the tax sale of May 5, 1863, and there is no question as to the invalidity of the tax deed executed to Marshall county on December 5, 1865. ( *The State v. Magill*, 4 Kas. 415; *Wabaunsee County v. Walker*, 8 id. 437.) The tax sale is admitted to be valid, and the tax deed is admitted to be void. The first question then arising in the case is, whether the tax-sale certificate issued by the county clerk to " McFadden & Thompson," on June 14, 1872, with the assignment thereof, is valid, or not. We think it is valid. At the time it was issued and assigned, the county clerk and county treasurer had authority to issue and assign tax-sale certificates, and to issue and assign the same under the exact circumstances under which this certificate was issued and assigned. ( Gen. Stat. 1868, ch. 107, §§ 91, 111.) This case therefore differs materially from the case of *Belz v. Bird*, 31 Kas. 139, for when the assignment of the tax-sale certificate in that case was made no person or persons had any authority to assign the same, and hence the assignment in that case was utterly void; while in this case we think it is valid. The issuing of the certificate and the making of the assignment to " McFadden & Thompson," instead of to James McFadden and Thomas H. Thompson, we do not think can have the effect to render either the tax-sale certificate or the assignment thereof void. And the fact that the original tax-sale certificate, issued on May 5, 1863, was not at any time assigned, but still remains in the county clerk's office, and a new one was made and assigned to the plaintiffs,

27 —32 KAS.

we do not think renders the assignment void. We are inclined to think that the plan adopted by the treasurer and county clerk in issuing the certificate and in making the assignment of the same was the correct plan; but whether it was correct, or not, we do not think that the supposed informalities in issuing the certificate and in making the assignment can render the assignment void. Whether the tax deed issued upon this certificate and assignment was, for any reason, when issued void, we do not think that it is necessary to determine. We are inclined to think, however, that it was valid. The assignment of the tax-sale certificate, then, not being void, we think it was entirely competent and proper for the officers of Marshall county to again sell the land, for the delinquent taxes of 1874; and hence we think the sale made on September 7, 1875, for such taxes, was valid; and if such sale was valid, then the tax deed founded thereon, and issued on August 25, 1882, and recorded the same day, and admitted to be regular in form, is also valid.

This disposes of the case; for a valid tax deed extinguishes and destroys all other titles and liens existing or based upon anything existing at the time of the levying of the taxes upon which the tax deed is founded. (*Board of Regents v. Linscott*, 30 Kas. 240; *Belz v. Bird*, 31 id. 141.)

With this view of the case, no question with regard to any statute of limitations needs to be considered. The defendant does not need any statute of limitations to protect his title, and none can so operate against his title as to render it worthless or defective. His tax deed was issued on August 25, 1880, and he took the possession of the property on March 14, 1882, and still holds the possession thereof under his tax deed, as well as under the original patent title; and hence, if any statute of limitations has any room to operate at all, it will operate in favor of his title and not against it.

We do not think that the original patent title can cut any figure, however, in this case; for the defendant's tax title is better than his patent title. In this respect this case further differs from that of the case of *Belz v. Bird*, supra.

The defendant obtained his tax title first and his patent title afterward, and then only by inurement, as his deed from the original patentee had been executed a long time prior to that time.

The judgment of the court below will be affirmed.

All the Justices concurring.