## L. F. BIRD v. JOHN BELZ.

FORECLOSURE; *Practice; Decree, Not Erroneous.* Upon a decree for the sale of mortgaged premises, or for the sale of other real estate to satisfy a lien thereon, it is the practice to insert a clause in the decree that the defendant in the suit, and any person in possession thereof, claiming through or under him, since the commencement of the action, shall deliver up possession of the premises to the purchaser after sale, confirmation, and the execution of the sheriff's deed; and such a clause in a decree for a sale is not erroneous.

### *Error from Atchison District Court.*

ACTION brought by *Belz* against *Bird*, to recover a certain lot in the city of Atchison. The facts appear in *Belz v. Bird*, 31 Kas. 139, *et seq.*, and in the opinion herein. *Bird* complains of the judgment rendered by the district court at the June Term, 1884, and brings the case here.

*Jackson & Royse*, for plaintiff in error.
*Mills & Wells*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This case was in this court at the July term for 1883. (31 Kas. 139.) At that time, the judgment of the district court was reversed, and the cause remanded for further proceedings in accordance with the opinion. Subsequently, a supplemental mandate was ordered by this court, directing that the taxes paid by the parties respectively be a lien upon the property as to priority, inversely in the order in which the taxes were levied and paid by the parties, and that the improvements made on the property, to wit, the fence erected by Bird in 1880, as shown by special finding of the court No. 15, in the original case, be a lien of the same priority and rank as the taxes levied for the year 1875. In compliance with this mandate, the district court entered judgment, giving the plaintiff in error the first and third liens upon the premises, and the defendant in error the second and fourth liens; that

is, Bird was adjudged the sum of $8.68 as a first lien for the taxes for 1880, 1881 and 1882, and the interest thereon as allowed by law. Belz was adjudged the sum of $36.11, as a second lien for the taxes of 1876, 1877, 1878 and 1879, with interest thereon as allowed by law; and Bird was further adjudged $121.24, as a third lien for the taxes for the year 1875, with interest thereon amounting to $51.24, and also $70, for his improvements; and Belz was also adjudged the sum of $622.98, as a fourth lien for the taxes of 1861 to 1874 inclusive, together with interest thereon.

It was also decreed by the district court that if said several sums were not paid within ten days from the rendition of the judgment, that an order of sale should issue to the sheriff, directing him to appraise, advertise and sell the real estate, as provided by law, and out of the proceeds of the sale to pay, first, the costs of the action, together with the costs of the sale, and then, next, the several liens in their order. It was further decreed that the remainder of the proceeds of the sale, after paying the said several liens and interest, should be brought into court to abide the further order thereof. It was also provided in the decree that after the sale, confirmation, and the issuance of a sheriff's deed to the purchaser, a writ of possession should issue to the sheriff to assist the purchaser to the possession of the premises against the defendant, or any person in possession thereof, claiming by, through or under him since the commencement or pendency of this action. Thereupon Bird filed his motion to correct the judgment, as follows:

"1. To make the fourth lien upon the premises described in the petition, to wit, Lot No. five (5), block 'V' old Atchison, in the city and county of Atchison, state of Kansas, the sum of $318.88.

"2. To strike out so much of said judgment as orders a writ of possession to issue to the sheriff to put the purchaser at the sale thereof in possession of said premises.

"3. To add thereto a clause prohibiting purchaser at such sale from taking any valuable improvements upon said premises, placed thereon, after the trial herein, in good faith and without notice of plaintiff's claim thereon."

This motion was overruled.

The contention is, that Belz was entitled to receive interest at the rate of seven per cent. only, and that the amount of his fourth lien should be $318.88 instead of $622.98. The date of the first deed to Belz was May 24, 1864, and the court gave interest on the amount of such deed and subsequent payments at the rate of 20 per cent. This was in accordance with the statute. (Comp. Laws of 1879, ch. 107, § 142; *Corbin v. Young,* 24 Kas. 202; *Belz v. Bird,* 31 id. 139.)

Within the prior decisions of this court, the district court had full authority to declare the amount of taxes which Belz had previously paid on the land, together with the interest due thereon, a lien upon the premises, and to decree that the premises should be sold to satisfy and discharge such lien. (*Russell v. Hudson,* 28 Kas. 99; *Fairbanks v. Williams,* 24 id. 16; *Arn v. Hoppin,* 25 id. 707; *Belz v. Bird,* supra.)

In reference to the decree ordering a writ of possession to issue, counsel say:

"We do not contest the right of a court of equity to issue such a writ, but we do contest the right and power of any court to prejudge a case, or to order such a writ before the confirmation of a sheriff's sale. For the purpose of making such order as may be proper up to and including the confirmation of the sale, and an order for the writ of possession upon a proper application and showing after the confirmation, the court retains jurisdiction of the cause, but until that showing is made, the court should not determine the right of the parties, present and prospective, and make an order upon which the writ of assistance may be issued by the clerk. The court cannot delegate to the clerk the judicial power to determine upon the precipe of attorneys, whether the person against whom a final writ of possession is asked, is in possession of the premises, claiming by, through or under defendant since the commencement of this suit, nor can the court authorize the sheriff holding such a writ to exercise such judicial functions and determine the right of the parties, nor could the sheriff having such a writ determine any question of fact involved."

We perceive no error in the decree giving authority for the issuance of a writ of possession to assist the purchaser to the possession of the premises, after the sale and confirmation and

the execution of a sheriff's deed; at least, we perceive no error in the decree prejudicial to the legal rights of the defendant below, the only party complaining. In *Kershaw v. Thompson*, 4 Johns. Ch. 609, it was said that—

"A court will enforce its decree by process for the actual delivery of possession, whenever, in pursuance of the decree, such possession ought to be delivered."

It is stated in Kent's Com., vol. 4, (13th ed.,) 192, that—

"Upon a decree for a sale, it is usual to insert a direction that the mortgagor deliver up possession to the purchaser; but whether it be or not part of the decree, a court of equity has competent power to require by injunction, and enforce by process of execution, delivery of possession, and the power is founded upon the simple elementary principle that the power of a court to apply the remedy is coëxtensive with its jurisdiction over the subject-matter."

It is the practice in this state, in the foreclosing of mortgages and in other actions for the sale of real estate to satisfy liens thereon, to provide in the decree that the defendant shall deliver up possession to the purchaser after sale, confirmation, and execution of sheriff's deed. If this clause is not contained in the decree, it is sometimes the practice to embrace it in the order of confirmation.

In any event, after a purchaser has obtained his deed under the order of the court, there cannot be any good reason why he should not be put in possession as against the defendant, by the court which makes the sale and transfers the title. Under the decree in this case, the clerk cannot issue a writ of possession until after the sale, confirmation, and issuance of sheriff's deed. The sheriff cannot dispossess anyone under the decree except the defendant, or some person in possession claiming by, through or under the defendant since the commencement or pendency of this action. If the defendant below, or any other person, is in possession of the premises under such rights as to be exempt from the operation of the decree, such defendant, or other person, has it within his power to institute a suit to restrain being dispossessed; but the purchaser ought not to be put to the trouble of instituting another

suit or other proceedings to obtain possession as against the defendant. The parties in possession claiming through or under the defendant since the commencement of the action, having any rights above the decree, are the ones to commence proceedings, if the circumstances of the case permit them so to do.

We have examined the case of *Landon v. Burke*, 36 Wis. 378, but as the ruling in that case seems to have been governed by certain sections of the Wisconsin statute, it is not controlling.

The order and judgment of the district court will be affirmed.

All the Justices concurring.