In the matter of the petition of JOSEPH VALENTINE against WILHELMUS H. TELLER.

A writ of assistance is, in ordinary cases, the first and only process for giving possession of land, under an adjudication of this court.

1825.
19th April.

Practice.
Writ of assistance.

MR. BUTLER, upon notice given, presented a petition by Joseph Valentine, the purchaser of mortgaged premises, at a master's sale, praying for a writ of assistance to the sheriff of Dutchess to put the petitioner into possession. The petitioner stated, that he had received a deed of conveyance from the master, which had been shown to the defendant, accompanied by a demand of possession, which had been refused.

MR. JOHN W. WHEELER, for Teller, read an affidavit stating, that he held the premises under a lease for five years, made by the mortgagor subsequently to the mortgage. He alleged also, that the purchase was in trust for the mortgagor; to which point there was strong evidence. Teller was not made a defendant.

THE COURT denied the petition, on the particular circumstances of the case : but this occasion was taken, to explain the rule which would be adopted, regarding this process.

In Kershaw v. Thompson, 4 John. 609., the late chancellor laid down the very fit and salutary rule, that this court will enforce its decree by process for the actual delivery of possession, whenever, in pursuance of the decree, such possession ought to be delivered. I have adopted that decision on full consideration, in Ludlow v. Lansing. 1 Hopk. 231.

That a court of justice ought to have the power of enforcing its own judgments, seems to be a fundamental principle. It is a proposition so simple and elementary, as not to require argument or illustration. But without resorting to first principles, it is sufficient to rest this authority upon the terms of the act concerning the court of chancery. 1 Rev. laws 486, the 4th section of which enacts, that this court may enforce obedience to, or performance of, any of its decrees, by execution, either against the body, or the goods and lands of the party required to perform the same.

The course mentioned in Kershaw v. Thompson was, that the first proceeding for obtaining possession of lands, is an order, which may be, either embodied in the decree or may be made separate ; upon disobedience to that order, an injunction ; and if the injunction is ineffectual, then a writ of assistance. This circuity seems unnecessary : at least, it is not necessary, in the ordinary case of a proceeding for possession, against a party who was a defendant in the suit. When once the principle is established, that this court is to give possession, that possession should be given by the most direct, simple and efficacious means ; and the process of this court should be, in effect, the same with the habere facias possessionem, at law.

Of the three kinds of proceeding mentioned by the late chancellor, the writ of assistance is that which effectuates the object in a direct manner. The two others are but commands to the party ; and they have regard to ulterior measures in the event of disobedience. The writ of assistance is directed to the sheriff commanding him to give possession. There is no sufficient reason for the expense and delay of the order and the injunction. The writ of assistance therefore is to be considered as the only necessary process of this court, for giving possession of land, which has been the subject of adjudication.