---

## NEW YORK SUPERIOR COURT.

### BELL agt. BIRDSALL and others.

Under a decree of foreclosure of mortgaged premises, the court will give *possession to the purchaser* as against all persons who are *parties* to the suit, or who come into possession under either of them *while the suit is pending*.

But it does not undertake to remove persons who go into possession after the purchaser has received his deed, and conveyed the premises to another.

*Special Term, September*, 1860.

THIS was an application made before Justice BOSWORTH, at special term of the superior court, for a writ of assistance to aid in ousting the defendants, or tenants under them, from certain premises to which plaintiff claimed the right of possession.

JOHN G. VOSE, *for motion.*
NELSON SMITH, *opposed.*

BOSWORTH, Ch. Justice. In this and another action against the same defendants, decree of foreclosure and sale was made as early as the 13th of October, 1858. The premises were sold under the decree on the 6th of June, 1859, and Joseph H. Gray became the purchaser, and received the referee's deed the same day. He now petitions for a writ of assistance to remove . Birdsall and one Miller, on the allegation that they are in possession, and refused to give up after demand made and exhibition of the deed. Miller makes affidavit that Joseph H. Gray conveyed the premises to John G. Vose by deed, dated Jan. 21, 1860. That Miller was not a party to either suit, and entered into possession . about the 1st of May, 1860, and not before. That he hired the premises of C. A. Birdsall for one year, believing her to be the owner, and has paid all of the agreed rent except $50, which is payable the first of May next.

I think the court has no power to grant such a writ to remove Miller. The usual form of a decree is, that any of the parties in this cause who may be in possession of said premises, or any part thereof, and any persons who, since the commencement of this suit, have come into possession under them, or either of them, deliver the possession thereof to the purchaser or purchasers, &c. (3 *Hoff. C. Pr.*, 4.) The court gives possession to the purchaser, as against all persons who are parties to the suit, or who came into possession under either of them while the suit is pending. It does not undertake to remove persons who go into possession after the purchaser has received his deed and conveyed the premises to another. Miller also makes affidavit that he has been informed by said Vose, that after said deed to him he had sent a man and took possession of said premises.

The object of the writ and the consideration in which it is granted is, that when the court makes a sale and transfers the title, it will take the possession from a party whose rights have been determined by the suit in which the sale was ordered. A person found in possession when the pur-

chaser obtains his deed, and who went into possession under some one of the parties while the suit was pending, is treated in this respect as if a party.

Although Miller entered under C. A. Birdsall, yet as he entered over fifteen months after the sale, he cannot be regarded as having entered pending the suit. If he may be removed for the benefit of the present owner, I do not see why any person who enters ten or fifteen years hence, under a person who was a party to the suit, may not be removed by a writ of assistance for the benefit of some future grantee of the premises. (*Frelinghuysen* agt. *Colden*, 4 *Craige*, 204; 4 *J. Ch. R.*, 609; 1 *Hop.*, 231.) The motion must be denied as to Miller, but as he shows no right to be in possession, without costs.