[No. 3,639.]

## JAMES M. HENDERSON v. NATHANIEL McTUCKER.

WRIT OF ASSISTANCE.—On a motion for a writ of assistance, questions of equitable cognizance between the parties in possession of the land who were not parties to the foreclosure suit, and the plaintiff, as to their respective rights to the land, cannot be litigated.

APPEAL from the District Court of the Fifth Judicial District, County of San Joaquin.

The appeal is taken by Barton Daniels, from an order granting a writ of assistance and an order refusing to set aside such writ. The plaintiff Henderson, in an action against Nathaniel McTucker, obtained a decree of foreclosure May 18th, 1871, under which, at the Sheriff's sale, he purchased the land. After the six months time allowed

for redemption had elapsed he obtained a deed from the
Sheriff, and on the 22d of October, 1872, procured an order
granting a writ of assistance to place him in possession.
Thereupon, Daniels moved to set aside the writ, and in sup-
port of the motion filed an affidavit by the defendant
McTucker, stating that he had abandoned the premises Sep-
tember 28th, 1872, for the reason that he had no title to or
interest in the land; that he was informed and believed that
a patent for a portion of the land had been issued by the
State to Mary McTucker September 13th, 1871, and on the
same date a patent for the remaining portions had been
given to John McTucker, deceased husband of Mary Mc-
Tucker, and that Daniels was in possession under a lease
made September 26th, 1872, for one year, by Mary Mc-
Tucker and the administrator of her husband's estate.   The
affidavit of Daniels also was filed, stating the same facts and
adding that neither he, Mary McTucker, the heirs, nor the
administrator, had been made parties to the foreclosure suit
or to the decree, and that they had had no notice of any of
the proceedings.   A copy of the lease to Daniels and of the
patents were filed with the affidavits.   In opposition to the
motion, the plaintiff filed his affidavit, stating that Jacob
Morss and William Morss, having received certificates of
purchase for the land, conveyed it to the defendant, who, to
secure the purchase money, executed a mortgage of the
land to Jacob Morss, which was afterwards assigned to the
plaintiff; that subsequently the defendant executed a mort-
gage of the land to John McTucker, and at the same time
assigned to him a certificate of purchase for a part of the
land, and assigned to Mary McTucker a certificate of purchase
for the other portion.   He also set out other matter tending
to show a preconcerted plan to enable the heirs of John Mc-
Tucker to secure a patent to the land and to prevent the
plaintiff from obtaining possession of it.   The motion to set

aside the writ of assistance was denied, and the plaintiff appealed.

*Armstrong & Hinckson* and *W. S. Buckley*, for Appellant.

As neither Mary McTucker nor any of the other heirs of John McTucker, deceased, were parties to the action in which the foreclosure decree was rendered, but claim title to the land from the State of California, Barton Daniels, who was not a party to the decree, had a right to take a lease thereof from the heirs of John McTucker; and under such lease, to take and maintain possession of the premises against the plaintiff.  Their rights had not been determined or affected by the decree, and therefore the decree cannot be used as a weapon of attack upon their rights.  The writ was improvidently issued, and should be set aside and Daniels restored to his possession.  (*Betts* v. *Birdsell*, 11 Abb. Pr. Rep. 222; *Burton* v. *Lies*, 21 Cal. 87; *Tevis* v. *Hicks*, 38 Cal. 241; *Montgomery* v. *Tutt*, 11 Cal. 190; *Whitney* v. *Higgins*, 10 Cal. 547; *Harlan* v. *Rackerby*, 24 Cal. 561; *Steinbach* v. *Leese*, 27 Cal. 297.)

*Byers & Elliott* and *D. S. Terry*, for Respondent.

Appellant having entered after the foreclosure of the respondent's mortgage, and with actual knowledge of all the proceedings, was properly dispossessed. (*Montgomery* v. *Middlemas*, 21 Cal. 103; *Montgomery* v. *Byers*, id. 107; *Barton* v. *Leis*, id. 87.)

By the COURT:

The defendant Nathaniel McTucker held no greater interest in the premises at the time of the foreclosure of the mortgage than the mortgagor had at its execution, and that interest was such as accrued by virtue of the certificates of

purchase. The patents for the lands were issued to other parties—those under whom Daniels entered upon the premises. The question as to whether the plaintiff is entitled to the benefit of those patents as against the patentees and the holders of the second mortgage, is one which might be determined by a Court of equity, and, indeed, is peculiarly of equitable cognizance. It could be determined only in an action in which all the parties in interest—both the holders of the patent and the second mortgagees—are before the Court, and could not be litigated in a motion for a writ of assistance. The order of the Court directing the writ of assistance to issue as against Daniels, was erroneous.

Order reversed as to Barton Daniels, and cause remanded, with directions to enter an order that he be restored to the possession of the premises.