[No. 6,456.]

## LANGLEY *v.* VOLL ET AL.

WRIT OF ASSISTANCE.—Upon an application for a writ of assistance, to place the grantee of the purchaser of real estate under a judgment sale in possession, it appeared that the defendants had acquired, or claimed to have acquired, a new right to the possession from the purchaser. *Held*, that the writ should have been denied, and the parties left to settle their rights in a regular suit.

ID.—*Query*—Is a stranger to the record entitled to a writ of assistance ?

APPEAL from an order for the issue of a writ of assistance, in the Fifteenth District Court, City and County of San Francisco.

The facts are stated in the opinion.

*George Turner*, and *S. H. Dwinelle*, for Appellant.

William Hale is a stranger to the record, and is, therefore, not entitled to a writ of assistance. Besides, the defendants are in possession under agreements to sell, made by the purchaser to their trustee. Equitable matters between parties not parties to the suit cannot be litigated on a motion for a writ of assistance. (*People* v. *Grant*, 45 Cal. 97 ; *Mayor etc. of San José* v. *Fulton*, Id. 316 ; *Henderson* v. *McTucker*, Id. 647.)

*Jarboe & Harrison*, for Respondents.

The respondents were entitled to the writ, unless the appellants showed to the Court some satisfactory reason why it should not be issued. (*Skinner* v. *Beatty*, 16 Cal. 156 ; *Horn* v. *Volcano Water Co.* 18 Id. 143 ; *Montgomery* v. *Middlemiss*, 21 Id. 103 ; *N. Y. Life Ins. Co.* v. *Rand*, 8 How. 351, 352.) The defendants were not parties to the agreement between Hamilton and Hirshfeld. Even if Voll and his wife had any interest in this contract, it had been forfeited long before this application was made.

Department No. 1, McKEE, J. :

This is an appeal from an order made on December 9th, 1878, for the issuance of a writ of assistance to put the appellants out of, and one William Hale into possession of certain premises which he purchased from one Robert Hamilton, a purchaser at Sheriff's sale under a decree of foreclosure rendered on the 17th day of April, 1873, in favor of one G. A. Langley, against E. W. Voll and wife, the appellants herein.

The applicant, Hale, moved for the writ within five years from the date of the entry of the judgment, so that the question whether his right to a writ—assuming that, as a stranger to the record he is entitled to one at all—is barred by the limitation of five years within which a plaintiff may take out process to enforce his judgment, does not arise in the case. But as the grantee of a purchaser at the Sheriff's sale under a decree of foreclosure, who was himself a stranger to the record, we think

he is not entitled to a writ of assistance, because he is an entire stranger to the record, and the process, if issued, could not run in his name. The case does not belong to the class of cases in which the plaintiff in a judgment purchases at his own sale. In such cases it has been held that the plaintiff, as a purchaser, is entitled to a writ of assistance to give effect to his judgment. (*Montgomery* v. *Middlemiss*, 21 Cal. 103.) But where the purchaser is a stranger to the record, the writ will not run in his name nor in the name of any of his grantees, immediate or remote. (*People* v. *Grant*, 45 Cal. 97.) In *Wilson* v. *Polk*, 13 Smedes and Marsh, 131, it was held that a purchaser of land at a commissioner's sale, under a decree of a Court of Chancery, was not entitled to such a writ. In that case the purchaser applied to the Chancery Court for a writ. His application was denied, and he appealed to the Supreme Court. That Court denied his appeal, upon the ground that it was not taken by a party to the suit. (See also, *People* v. *Grant, supra.*) And, says the Court, the same may be said of the application for the writ.

It is laid down in 2d Smith's Chancery Practice, 244, that the writ of assistance cannot regularly be issued at the instance of one not a party to the cause. The purchaser can only proceed by getting the vendor to make application for the process. Besides, if the applicant *was* a proper party, he is not entitled to the writ in this case; for the record shows clearly that the appellants have been in the possession of the premises for more than five years since the decree of foreclosure, claiming to have been rightfully in under two alleged contracts of sale made between one Hirshfeld, for their benefit, and Hamilton, the grantee of the Sheriff. One of these contracts was made in 1875, and the other in 1877, and upon them Mrs. Voll has paid to Hamilton $1,040 and the interest as it became due, and all the taxes, assessments, and charges upon the property, and has also expended $3,500 in improving it. Hamilton does not deny the existence of the contracts between Hirshfeld and himself; nor the receipt of the money upon them. He denies only that he knew that the contracts were made for the benefit of Mrs. Voll. But he has permitted the Volls to remain in the undisturbed posses-

sion of the premises, with the full knowledge, on his part, that they were claiming them and expending their money in improving them. Under such circumstances, ignorance of some confidential relation existing between them and Hirshfeld, will hardly be imputed to him. But, however that may be, the Court, on an application by his grantee for a writ of assistance, will not undertake to settle the legal or equitable rights of the parties. These are matters which ought to be adjudicated in a regular suit; they should not be determined upon affidavits taken in a collateral proceeding. It is evident that the appellants have some rights under the contracts of sale, and great injustice might be done them were they to be turned out of possession before those rights have been adjudicated. (*Henderson* v. *Tucker*, 45 Cal. 647.)

In *The City of San Jose* v. *Fulton*, where it appeared, on a motion to set aside a writ of assistance, that a purchaser at a Sheriff's sale, after he had obtained his deed from the Sheriff, parted with it, or agreed to part with it, to one in possession of the premises, the Supreme Court says: "It is clear that a writ of assistance should not have been issued to disturb the party in possession; nor should the writ have issued if it appeared that a question of this character, though controverted in point of fact, was pending between the parties." (45 Cal. 318.)

Order reversed.

McKINSTRY, J., and ROSS, J., concurred.

In bank, by the COURT:

As the last point discussed in the opinion filed is decisive of the appeal in this case, it is unnecessary to determine whether a stranger to the record is entitled to the writ of assistance. In that respect the opinion may be modified; and we now modify our language so as to leave the point open for further consideration.

Petition for hearing in bank denied.