[Civil No. 153.   Filed May 24, 1886.]

[S. C. 11 Pac. 44.]

MORRIS ASHER et al., Plaintiffs and Respondents, v. JOSEPH COX et al., Defendants and Appellants.

1. MORTGAGES—FORECLOSURE—WRIT OF ASSISTANCE—GRANTING IMPROVIDENT WHERE PARTIES IN POSSESSION CLAIM PARAMOUNT TITLE AND ARE NOT CONCLUDED BY FORECLOSURE PROCEEDINGS—WHEN PROPER —PRACTICE.—Where persons, not parties to foreclosure proceedings nor concluded thereby, claiming under paramount title, are in possession of mortgaged mining claims, it is improper for the court to determine the question of right of possession and title upon affidavits filed on application for a writ of assistance. These matters can only be settled in a suit for that purpose and the persons in possession are entitled to their day in court. It is only where a party concluded by foreclosure proceedings, refuses to give up possession on demand that a writ of assistance is proper. This, and that the party *is in fault* must be shown on the application for the writ.

APPEAL from a judgment of the District Court of the

Second Judicial District in and for the County of Maricopa. Reversed.

The facts are stated in the opinion.

H. B. Lighthizer and John T. Alsap, for Appellants.

The respondents, Thos. Sherman & Co., are not parties to the original action, and are in possession of the mortgaged premises adversely both to the defendant and all other claimants, except the United States, and the writ of assistance cannot issue against them because they are neither parties to the suit nor are they bound by the decree. *Burton* v. *Lies,* 21 Cal. 87.

Such writ is proper only where a party, concluded by the proceedings, refuses to give up possession on request. *Howard* v. *Bond,* 42 Mich. 131, 3 N. W. 289.

It will not be granted against one, not a party to the record, who is claiming adversely and independently of the parties to the record, and who cannot appear and defend his rights before the court. *Gilpeke* v. *Milwaukee etc. R. R. Co.,* 11 Wis. 454.

The writ will not issue against a purchaser *pendente lite,* or subsequent to judgment who is not a party to the action and has no notice, actual or constructive, of its pendency. Sec. 3, Act 42, March 3rd, 1883, S. L. p. 113; *Harlan* v. *Rackerby,* 24 Cal. 561; *Montgomery* v. *Byers,* 21 Id. 107; 3 Estes Pleadings, pages 35-42.

A question of legal title will not be tried on an application for this writ, nor will the writ be granted in a doubtful case. *Langley* v. *Voll,* 54 Cal. 435-438; *Barton* v. *Beatty,* 28 N. J. Eq. 412

A. C. Baker and Tweed & Hancock, for Respondents.

Writ of assistance the appropriate remedy to place purchaser in possession of premises sold at sheriff's sale, under decree of foreclosure of mortgage. *Montgomery* v. *Tutt,* 11 Cal. 191; *Reynolds* v. *Harris,* 14 Cal. 667, 76 Am. Dec. 459.

All persons coming in under defendant in the suit must

go out under the writ, and, *prima facie,* all who come into possession after action brought will be regarded as coming in under the defendant. *Wetherby* v. *Dunn,* 36 Cal. 147, 95 Am. Dec. 166; *Skinner* v. *Beatty,* 16 Cal. 158; *Sampson* v. *Ohleyer,* 22 Cal. 201; *Birdsall* v. *Phillips,* 17 Wend. 464.

The sheriff's certificate, filed in the Recorder's office, gave appellants constructive notice. Compiled Laws, p. 444, Sec. 231; *Page* v. *Rogers,* 31 Cal. 309.

No collusion will be tolerated. Mere tricks and devices to rob the plaintiff of the result of his litigation will not be tolerated. Freeman on Executions, p. 476; *Leese* v. *Clark,* 29 Cal. 665.


SHIELDS, C. J.—This is an appeal from an order of the district court of the Second judicial district, allowing a writ of assistance in a cause pending therein. The facts, so far as necessary to state them, are as follows: In April, 1883, Joseph Cox, one of the defendants, executed a mortgage to the plaintiffs on an undivided one-third interest in the Red Rover mine, in Maricopa county; he at that time claiming to be the owner of the remaining two-thirds of the mine, according to plaintiffs' showing. In 1884 this mortgage was foreclosed, and a decree entered in favor of the plaintiffs. At that time, and previously thereto, the defendants Hall, Greenhow and Sherman were in possession of the mine, claiming to be the absolute owners thereof. The plaintiffs thereupon applied, by petition, to the district court, for a writ of assistance to put out these last-named persons from the mine, and to put themselves in the possession thereof. The defendants Hall, Greenhow and Sherman, who were not parties to the foreclosure suit at all, were cited to show cause why the writ of assistance should not issue as prayed in the petition of plaintiffs. They showed cause, claiming then, as they do now, to be the owners of the property by virtue of a valid location of the same as the Dirty Rover mine; that Cox and Demarboix prior to such location had openly and notoriously abandoned their location thereof as the Red Rover, and that the mortgage is wholly without force as against the claim, location and title of the defendants, Hall Sherman and Greenhow; and such was the claim of these

defendants last named in the hearing of the petition. The court below ordered the writ of assistance to issue as prayed, and that plaintiffs be put in possession of the entire mine.

This was erroneous, and must be set aside.

1. Here was a plain contest between the plaintiffs on the one side, and the defendants Hall, Greenhow and Sherman on the other, as to the title and ownership of the mine. The district court, on this application of the plaintiffs for the writ of assistance, undertook to settle the legal and equitable rights of the parties to the mine, and to decide who was the true owner thereof; and this the court undertook to do upon affidavits. This was improper. The matter arising upon these affidavits can be properly settled only in a regular suit for that purpose. Hall and the other two defendants just named claim to own the mine in controversy by a title paramount to that of the plaintiffs or Cox. It would be most unjust to drive them from the possession of their property without giving them their day in court, or allowing them a chance to have their rights adjudicated. *Henderson* v. *McTucker*, 45 Cal. 647; *Langley* v. *Voll*, 54 Cal. 435.

2. The defendants Hall, Sherman and Greenhow were neither of them parties to the foreclosure suit in which the application for the writ of assistance was issued. It is only where a party concluded by the proceedings refuses to give up possession on demand that a writ of assistance is proper. This, and that the party *is in fault*, must be shown on the application for the writ. It is plain that these persons named were not in default, as they were not parties to the suit, nor concluded by the decree therein. *Henderson* v. *McTucker*, 45 Cal. 647; *Howard* v. *Bond*, 42 Mich. 131; 3 N. W. 289; *Burton* v. *Lies*, 21 Cal. 87.

It is unnecessary to consider the case further. The writ was improvidently issued, and must be set aside, and the order allowing it must be reversed.

Barnes and Porter, JJ., concurred.