## J. B. WATKINS v. WILLIAM JERMAN.

MORTGAGE — *Foreclosure* — *Sheriff's Deed* — *Writ of Assistance*. The holder of a sheriff's deed for real estate purchased under a decree of foreclosure of a mortgage and a sale of the mortgaged premises, has a right to a writ of assistance to procure the possession of the premises purchased, as against all persons who were parties to the foreclosure suit and all who hold under authority given by such parties after the commencement of such suit.

### Error from Ellsworth District Court.

PROCEEDING brought in this court to reverse an order of the district court of Ellsworth county, refusing to grant a writ of assistance to *J. B. Watkins*, the purchaser of certain real estate sold by the sheriff of said county, in an action foreclosing a real-estate mortgage. The decree of foreclosure provides, among other things, that " each and all of such defendants, and all persons claiming or to claim under or through them, or either of them, be barred and foreclosed of all right, title, interest, claim and equity of redemption in and to the above-described premises, and each and every part and parcel thereof,

from and after said sale." Upon the hearing of the motion, the district court found the facts and the law to be as follows:

### "FINDINGS OF FACT.

"1. On the 1st day of November, 1880, Leroy W. Smith and Eva Smith were the owners of and in possession of the south half of the southwest quarter, and the south half of the southeast quarter of section 14, township 17, range 6, west of the 6th P. M., and situate in the county of Ellsworth and state of Kansas. On said 1st day of November, Leroy W. Smith and Eva Smith, as husband and wife, duly executed their certain two real-estate coupon-mortgage bonds for $500 and $400, respectively, and to secure the payment of the same duly executed and delivered unto C. L. Bacon, the payee in said coupon real-estate bonds, their certain mortgage to and upon the real estate above described, and the mortgage was on the first day of November, 1880, duly filed for record and recorded in the office of the register of deeds of Ellsworth county, Kansas, in book C of mortgages, on page 360. On the 29th day of January, 1883, there was a default on the part of Leroy W. Smith and wife in complying with the terms of the said mortgage, whereby a cause of action accrued in favor of C. L. Bacon against them upon the mortgage above mentioned, and the whole of the indebtedness secured by said mortgage became due and payable.

"2. On the 1st day of March, 1881, William Jerman, under some contract or arrangement made with Leroy W. Smith and Eva Smith, entered upon the possession of the real estate above mentioned, and has from that time continuously on to the present time remained in the possession of said real estate. On the 11th day of December, 1883, William Jerman in writing leased from Tootle, Shireman & Co., defendants above named, the real estate above described, for the term of to the first day of March, 1885, and William Jerman held and occupied the said real estate solely under the terms of his said lease with Tootle, Shireman & Co., from the 11th day of December, 1883, until the 15th day of February, 1885, at which time William Jerman made a verbal contract with Tootle, Shireman & Co. to pay to them $100 cash rent for the use of said premises for and during the year 1885, and William Jerman holds the premises under the last-mentioned verbal agreement.

"3. Tootle, Shireman & Co. were, on the 11th day of De-

30—36 KAS.

cember, 1883, the owners of the real estate above described, subject to the rights of C. L. Bacon, upon and under his mortgage.

"4. On the 29th day of January, 1883, an action was duly brought against the defendants above named to foreclose the said mortgage, said action having been brought by C. L. Bacon against the defendants. William Jerman was not a party to said action, nor was he notified of the pendency thereof.

"5. Each of the defendants named in the above-entitled action was duly summoned and notified, as required by law, Leroy W. Smith and Eva Smith having been personally summoned on the 7th of February, 1883, and Tootle, Shireman & Co. having been notified by publication, the last notice being dated June 11, 1884.

"6. On July 25, 1883, Tootle, Shireman & Co. received from Leroy W. Smith and wife a deed to the above-described land, and said deed conveyed to Tootle, Shireman & Co. whatever interest they had or have in said land, which deed was duly recorded in the office of the register of deeds of Ellsworth county, Kansas.

"7. At the September term, 1883, of the district court of Ellsworth county, Kansas, a decree of foreclosure was duly rendered against Leroy W. Smith and Eva Smith, in said suit brought by C. L. Bacon, and judgment was rendered for the sale of said land, to satisfy the amount then due upon said mortgage, to wit, the sum of $1,144.34. On the 13th day of September, 1884, a decree was duly entered in said suit, barring Tootle, Shireman & Co. of all right and claim in and to the real estate above described.

"8. On the 22d day of September, 1884, an order of sale in said cause was duly issued out of the district court of Ellsworth county, and the real estate above described was duly advertised for sale, and was sold as required by law, the said J. B. Watkins being the purchaser thereof, and the sale having been made on the 1st day of November, 1884.

"9. On the 16th day of April, 1885, the said sale was duly confirmed by the district court of Ellsworth county, and the sheriff of said county was ordered to make a deed to the purchaser, J. B. Watkins.

"10. On the 22d day of April, 1885, J. B. Watkins went upon the real estate above described, and read the said sheriff's deed to William Jerman, and demanded possession of the said real estate. William Jerman refused to deliver the possession of the same. Said sheriff's deed was duly filed for record and

was duly recorded in the office of the register of deeds on the 16th day of April, 1885.

"11. William Jerman is now in the possession of the real estate above mentioned and described, and J. B. Watkins has not the possession thereof or any part thereof, and Jerman refuses and prevents J. B. Watkins from entering into and upon the possession of the said real estate."

"CONCLUSIONS OF LAW.

"1. That the said J. B. Watkins is not entitled to a writ of assistance, for that the said William Jerman was not made a party to the above-entitled action.

"2. That the said J. B. Watkins pay the costs of this proceeding, the same being taxed at $6.55."

At the April Term, 1885, the district court overruled the motion for a writ of assistance, to which ruling *J. B. Watkins* excepted, and brings the case to this court.

*W. J. Patterson*, for plaintiff in error.

*Carter & Brooks*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: We think the court below erred. The holder of a sheriff's deed for real estate purchased under a decree of foreclosure of a mortgage and a sale of the mortgaged premises, has a right to a writ of assistance to procure the possession of the premises purchased, as against all persons who were parties to the foreclosure suit, and all who hold under authority given by such parties after the commencement of such suit. (*Bird v. Belz*, 33 Kas. 391; *Bell v. Birdsall*, 19 How. Pr. 491; 2 Jones on Mortgages, § 1663.)

The order of the court below overruling the motion of the plaintiff below for a writ of assistance will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.