Stanley, Appellant, vs. Sullivan, Respondent.

*April 4 — April 17, 1888.*

*Execution: Writ of assistance: Homestead: Divorce: Lien of judgment.*

1. A writ of assistance, under sec. 3025, R. S., to put the purchaser in possession of land sold on execution should not be issued where there is a *bona fide* contest as to his right to the possession of the land under such sale,— as where the defendant in good faith claims that the premises were his homestead and as such exempt from sale on execution.

2. A judgment in a divorce action that the plaintiff wife recover a certain sum of money,— it not being declared that the same is for alimony or in lieu of alimony, or that the judgment shall be a lien upon any of the defendant's real or personal estate,— is a mere money judgment, and execution thereon cannot be levied on the defendant's homestead.

APPEAL from the Circuit Court for *Chippewa* County.

The appeal is from an order denying a writ of assistance. The facts are stated in the opinion.

*John Randall,* for the appellant.

For the respondent the cause was submitted on the brief of *Stafford & Connor.*

TAYLOR, J.   This was an application by the appellant for a writ of assistance to put the applicant into the possession of a parcel of real estate which he claims had been sold on an execution issued upon a judgment in an action for divorce brought by Mary J. Sullivan, as plaintiff, against her husband, *Daniel Sullivan*, the respondent in this appeal. Upon such execution sale a sheriff's deed had been issued to the applicant.   Possession of the premises had been demanded of the defendant, *Daniel Sullivan*, by the applicant, and he refused to surrender the possession to him. The respondent resisted the motion for the writ on the ground that the property sold on the execution was his homestead at the time the judgment was rendered and docketed, as well as at the time of the sale thereof upon said execution.   The circuit court refused to order the writ to issue, but without prejudice to the right of the applicant to bring an action of ejectment to recover said lands.

The application for the writ was made under the provisions of sec. 3025, R. S. 1878.   Previous to the enactment of said section in 1878, the courts had never had the right, or, if they had, had never exercised the right, to issue a writ of assistance to put a purchaser of real estate upon an ordinary execution sale into the possession of the real estate so purchased by him.   Previous to the passage of this law the purchaser's only remedy in this state was by action of ejectment against the party in possession, if he refused to surrender the possession.

Courts of equity have from the earliest times exercised the right to issue the writ of assistance in actions in equity brought for the purpose of determining the rights of the litigants to the title or possession of real estate, after judgment declaring such rights, as well as in cases for the foreclosure of or redemption of mortgages.   In such cases the courts of equity having jurisdiction of the persons and property in controversy have, after determining the rights

of the parties litigant to the title or possession of real estate, rightfully assumed the power to enforce their judgments by the writ of assistance to transfer the possession, instead of turning the party over to a court of law to recover such possession. *Roberdeau v. Rous*, 1 Atk. 543; *Penn v. Lord Baltimore*, 1 Ves. Sr. 444; 2 Eden on Injunctions (Waterman's ed.), 425; *Stribley v. Hawkie*, 3 Atk. 275; *Huguenin v. Baseley*, 15 Ves. Jr. 180; *Garretson v. Cole*, 1 Har. & J. 387; *Buffum's Case*, 13 N. H. 14; *Devaucene v. Devaucene*, 1 Edw. Ch. 272; *McKomb v. Kankey*, 1 Bland, 363; *Kershaw v. Thompson*, 4 Johns. Ch. 610; *Valentine v. Teller*, 1 Hopk. Ch. 422; *Diggle v. Boulden*, 48 Wis. 477; *Schenck v. Conover*, 13 N. J. Eq. 220. In these cases the writs only issued when the rights of the respective parties to be affected by it had been fully determined by the judgment in the action. In the case of *Schenck v. Conover*, *supra*, it is said: "It is scarcely necessary to add that the exercise of the power rests in the sound discretion of the court. It will never be exercised in a case of doubt, nor under color of its exercise will a question of legal title be tried or decided." This limitation upon the exercise of the right to issue a writ of assistance is recognized by all the authorities. See *Langley v. Voll*, 54 Cal. 435; *San Jose v. Fulton*, 45 Cal. 316; *Henderson v. McTucker*, 45 Cal. 647; *Barton v. Beatty*, 28 N. J. Eq. 412; *Vanmeter v. Borden*, 25 N. J. Eq. 414; *Thomas v. De Baum*, 14 N. J. Eq. 41.

We think the rule under the statute is no broader than the rule at common law when applied to cases coming within the statute. The statute extends the power to issue the writ to cases not coming within the common-law rule, but it was clearly not intended that the power should be exercised in a case where there was a *bona fide* contest as to the right of the purchaser at the execution sale to the possession of the lands under such sale. The statute starts out by declaring that "whenever a *title* shall have been per-

fected in any person to any real estate sold by virtue of an execution, or to any part thereof or interest therein, and the person against whom such execution issued, or any other person claiming under him by title arising subsequently to the docketing of the judgment upon which it issued, shall be in possession of any such real estate, or part thereof, or interest therein," etc.   We think it is evident that this section, read in connection with our law in regard to homestead exemptions, could not have been intended to compel the court to issue the writ of assistance in favor of the purchaser of such exempted homestead upon an execution issued against the owner of the homestead in possession thereof at the time of its issue and sale and at the time the writ was applied for.   The letter of the statute might be said to apply to such a case, but it seems to us very clear that such is not the spirit or meaning of the act.   In the case of the sale of the homestead there would, under the law exempting it, be a failure on the part of the purchaser at the execution sale *to acquire a title* thereto by virtue of such sale.   If, on the application for the writ in such case, there be a *bona fide* contention on the part of the defendant for the homestead exemption, we think it is eminently proper that the court should refuse the writ, and leave the parties to settle the right in an action at law, where the merits of the claim of the defendant may be passed upon by a full trial before a court and jury.

In order to obtain the writ of assistance under the statute the applicant must show that at the time the judgment was docketed the defendant in such execution had an interest in the real estate upon which the judgment so docketed was a lien, and that such defendant, or some .one claiming under him by title acquired subsequently to the docketing of such judgment, is in possession and refuses to surrender such possession to the purchaser.   On the application for this writ the respondent meets the claim by

alleging that the judgment and execution under which the applicant for the writ claims the land never was a lien thereon, and that the property never was subject to sale upon such execution. The claim made by the respondent is not so clearly unfounded as to justify the court in holding, upon this application, that it is not made in good faith, or that it is so frivolous, either in fact or in law, that it should be ignored and the writ issued.

The learned counsel for the appellant claims that the judgment rendered in the divorce case against the defendant in the execution, the respondent on this appeal, is a lien upon the homestead. That presents a question of law, and might perhaps be determined upon the application for a writ of assistance under the statute; and if it must be held as a question of law that it was a lien upon the homestead of the respondent, and that such homestead was subject to sale on such judgment, as any other real estate owned by him, there would then seem to be no good reason for turning the appellant over to his action of ejectment to recover the possession of said premises. The judgment in the divorce case under which the execution was issued and the sale made, after adjudging that the said Mary J. Sullivan be divorced from the said *Daniel Sullivan*, proceeds to adjudge as follows: "And it is hereby further ordered and adjudged that the plaintiff be allowed, and have, and recover of the said defendant, *Daniel Sullivan*, by a judgment of this court, the sum of eight hundred dollars, and fifty dollars as attorney's fees, and the costs of this action, taxed at sixty-two and 90-100 dollars, and that execution issue therefor."

It will be seen that this is a mere money judgment, upon which execution is directed as in ordinary money judgments. It is not even declared that the $800 is for alimony or in lieu of alimony, and it does not declare that the judgment shall be a lien upon any of the defendant's real or

personal estate. If a lien upon his real estate at all, it became so by docketing it as a money judgment. An execution issued upon this judgment can have no other efficacy than an execution issued upon any other money judgment. A homestead of the defendant is exempt from sale upon any execution issued upon any judgment for the recovery of money. See sec. 2983, R. S. The judgment upon which the execution in this case issued did not declare on its face that it should be a lien upon the homestead of the defendant, as the court probably might have declared it to be, and, in the absence of any such declaration of the court, it must be treated as having the same force as an ordinary judgment. We do not hesitate to say that, upon the showing made by the record introduced on the hearing, the judgment was not a lien upon the homestead of the defendant, if he had one, and that the writ of assistance was properly refused on that ground. Whether, as a matter of fact, the premises in question were and are the homestead of the respondent *Sullivan* was not determined by the court on the application for the writ; and, because the fact whether it was or was not a homestead was a matter of uncertainty upon the proofs offered upon the hearing of the motion, the court was right in refusing the writ. See cases above cited.

It is said by the learned counsel for the appellant that the circuit court had adjudged, in a former proceeding in the divorce action, that the premises in question were not a homestead. After a careful reading of these proceedings it appears to us that the question of homestead was not in issue in said proceedings, and was not passed upon by the court. The proceedings referred to by the learned counsel were the proceedings upon a motion made by the defendant, *Daniel Sullivan*, in the divorce suit, after judgment, to set aside said judgment, or that part of it which adjudged that he should pay the plaintiff, Mary J. Sullivan, the sum of $800 and the costs of the action. The grounds of the

motion were that the judgment was for too large an amount, considering his ability to pay, and on the further ground that there was an agreement before judgment was entered, between the attorneys of the parties, that no judgment for alimony or allowance for the plaintiff should be taken in the action. The question of the liability of the homestead to be sold for the payment of the judgment was not discussed or considered by the court, so far as we are able to discover from the proceedings.

*By the Court.*— The order of the circuit court is affirmed.