[Civil No. 240.    Filed March 14, 1889.]

[20 Pac. 803.]

JOHN ANDERSON, Plaintiff and Appellee, v. J. E. THOMPSON et al., Defendants and Appellants.

1. MORTGAGES—FORECLOSURE—OCCUPANTS—ESTOPPEL BY ACTS—POSSES-
SION—REMEDIES—WRIT OF ASSISTANCE.—A decree of foreclosure
had been rendered against the mortgagors of a piece of land, but
after sale appellants were in possession and refused to vacate.
Appellants derived possession from the mortgagors after the execu-
tion of the mortgage, and with full knowledge thereof, and had
been parties to the foreclosure proceedings, but at their instance,
and upon their disclaiming any interest under their deed, the cause
was dismissed as to them. They now repudiate their disclaimer by
remaining in possession and setting up an after-acquired title by
homestead entry. Having obtained possession from the mortgagors,
they are in privity with them, as their grantors, and their right
of possession is subordinate to the right of the mortgagee. *Held,*
the writ of assistance was properly awarded. Compare *Singer
Manufacturing Co.* v. *Tillman et al., post,* p. 122, 21 Pac. 818.

PORTER, J., dissents.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. William H. Barnes, Judge. Affirmed.

The facts are stated in the opinion.

Hereford & Lovell, for Appellants.

The mortgage from Moore and wife to respondent did not convey the legal title. Comp. Laws of Arizona, p. 450, secs. 262, 263, 264.

The debtor or redemptioner has six months after sale within which to redeem. Comp. Laws 1877, p. 445, sec. 233, and p. 446, secs. 237, 238. The right of redemption cannot be waived. *Goodenow* v. *Ewer,* 16 Cal. 467, 76 Am. Dec. 540.

The decree of foreclosure was rendered under the law as it existed, before the revised statutes of the territory took effect, and provided: "That the sheriff, after the time allowed by the law for redemption, has expired, execute a deed to the purchaser, for the premises," etc.

The legal title does not pass on foreclosure and sale, but only on execution of sheriff's deed. *McMillan* v. *Richards,* 9 Cal. 365, 70 Am. Dec. 655, note; *Goodenow* v. *Ewer,* 16 Cal. 467, 76 Am. Dec. 540; *Page* v. *Rogers,* 31 Cal. 494.

The mortgagor has the right of possession until the execution of sheriff's deed. *Sands* v. *Pfeiffer,* 10 Cal. 258; *Macovich* v. *Wemple,* 16 Cal. 104.

The purchaser is not entitled to a writ of assistance until after his receipt of the sheriff's deed. *Montgomery* v. *Middlemiss,* 21 Cal. 107, 81 Am. Dec. 146.

No person in possession of the premises claiming title thereto at the commencement of the action can be dispossessed unless he was made a party to the suit, so as to be bound by the judgment. Freeman on Executions, par. 475; *Howard* v. *Kennedy,* 4 Ala. 592, 39 Am. Dec. 307, note; *Clark* v. *Parkinson,* 10 Allen, 133, 87 Am. Dec. 628; *Ford* v. *Doyle,* 37 Cal. 346; *Rogers* v. *Parrish,* 35 Cal. 127; *Tevis* v. *Ellis,* 25 Cal. 515; *South B. L. A.* v. *Christy,* 41 Cal. 501; *Calderwood* v. *Pyser,* 31 Cal. 333; *Garrison* v. *Savignac,* 25 Mo. 47; *George* v. *Hufschmidt,* 44 Mo. 179; *Powell* v. *Lawson,* 49 Ga. 290; *Terrell* v. *Allison,* 21 Wall. 298.

A writ of assistance should only be issued when the defendant has been made a party to the foreclosure suit, and is concluded by the proceedings therein, and refused to deliver possession. *Enos* v. *Cook,* 65 Cal. 175, 3 Pac. 632.

In a foreclosure suit, a homestead having been declared subsequent to the execution of the mortgage, the wife is a necessary party to the suit, and not having been made so, a writ of assistance will not lie against either her or her husband, the mortgagor. *Hefner* v. *Urton,* 71 Cal. 479, 12 Pac. 486.

The writ of assistance could not issue against appellants for the reason that the action had been dismissed by the decree of the court. "The writ can only issue against the defendants and parties holding under them who are bound by the decree." *Burton* v. *Leese,* 21 Cal. 87. After the judgment and dismissal the appellants were no longer interested parties to any subsequent proceedings under the decree against the Moores, and the writ was improvidently issued as against the appellants. *McLean* v. *McNamary,* 60 Cal. 610.

The court had full jurisdiction of the parties and of the subject-matter in the suit of foreclosure, it rendered its findings and decree upon the merits of the case after a full hearing; that decree, though it may have been erroneous, cannot be attacked collaterally. "If the court had jurisdiction to render the judgment no error or irregularity in the proceedings will render it void, nor can such errors or irregularities be considered when the judgment is collaterally questioned." *McGoon* v. *Scales,* 9 Wall. 23; *Kemp* v. *Kennedy,* 5 Cranch, 173; *Thompson* v. *Tolmie,* 2 Pet. 157; *Voorhees* v. *Bank of United States,* 10 Pet. 449; *Sargeant* v. *Bank of Indiana,* 12 How. 371; *Merchand* v. *Frellsen,* 105 U. S. 423.

The judgment of dismissal is conclusive against the appellee. It establishes the paramount and adverse title of appellant J. E. Thompson, and appellee cannot try his title in the proceeding to obtain a writ of assistance. *Menderson* v. *McTucker,* 45 Cal. 649.

The judgment of dismissal as to J. E. Thompson was final and conclusive against appellee for all of the purposes of that action. *Dowling* v. *Pollack,* 13 Cal. 626.

"A dismissal of an action is in effect a final judgment in favor of the defendant. It is a final decision of the action against all claims made by it, although it may not be a final determination of the rights of the parties, as may be presented

in some other action.'' *Leese* v. *Sherwood*, 21 Cal. 164; Freeman on Judgments, 3d ed., pars. 17, 270, and cases cited.

A dismissal of the plaintiff's suit, upon the merits, is as conclusive upon the rights of the parties as any other judgment that might have been rendered. *Parrish* v. *Ferris*, 2 Black, 606; *Durant* v. *Essex Co.*, 7 Wall. 107.

The rule holds true, although the second bill contains additional allegations, etc. *Case* v. *Beauregard*, 101 U. S. 688.

A fact which has been directly tried and decided by a court of competent jurisdiction cannot be controverted again collaterally between the same parties in the same or any other court. *Hopkins* v. *Lee*, 6 Wheat. 109; *Penkallow* v. *Doane*, 3 Dall. 54; *Elliot* v. *Piersol*, 1 Pet. 328; *United States* v. *Nourse*, 9 Pet. 8; *Bank* v. *Beverly*, 1 How. 134; *Randall* v. *Howard*, 2 Black, 585; *Cromwell* v. *Sac County*, 94 U. S. 351.

A judgment upon the facts in issue, which appear upon the record, either expressly or by necessary intendment, or which are shown *aliunde* to have been in issue, is conclusive upon the parties and privies as to such facts. *Chapman* v. *Smith*, 16 How. 114.

Earl H. Webb, and Jeffords & Franklin, for Appellee.

The purchaser of the mortgaged premises obtains whatever title was in the mortgagor at the instant of time he executed the mortgage, and the grantee of the mortgagor takes subject to the mortgage. *Belloc* v. *Rogers*, 9 Cal. 126.

The appellants as grantees and privies of the mortgagor are estopped from saying the land was public land, and that a mortgage on said lands and improvements would be void. *Hoffler* v. *Maier*, 13 Cal. 13.

The defendants Thompson were dismissed because they claimed no interest in the premises through the deed from Moore. This is the sole ground upon which they were dismissed. If they had been dismissed by reason of a subsequent and paramount title, J. E. Thompson would have been dismissed, and J. H. Thompson held, for the reason that the alleged subsequent title was in J. E. Thompson, and not in both. The Thompsons were privies with the mortgagors, came in under Moore, and cannot attack Moore's title until they

first put the owner of that title in possession. *Jackson* v. *Spear,* 7 Wend. 401.

WRIGHT, C. J.—This case is brought here on an appeal from an order of the district court of Graham County granting a writ of assistance in favor of the appellee, John Anderson; said Anderson being mortgagee, and one Peter Moore and wife being mortgagors, in a certain mortgage to the premises, the right to the possession of which constitutes the controversy herein.

From the facts in evidence, it seems that a decree of foreclosure had been rendered against the mortgagors, and a sale was had thereunder, but after the sale it was made to appear that the appellants were in possession of the premises and refused to surrender them; that appellants derived possession of the premises from the mortgagors, Moore and wife, after the execution by them of said mortgage, and with full knowledge thereof; and that they (the said appellants) had been parties to the original foreclosure suit, but that at their instance, and on their disclaiming any right or interest under their deed, an order had been made dismissing the claim as to them. Appellants now repudiate the disclaimer, by remaining in possession of the premises under their said deed from Moore and wife and refusing to surrender. Under these circumstances, the court below awarded a writ of assistance; and the question for us to determine is, was that action of the court proper?

A writ of assistance will not run against strangers, because the rights of parties who are strangers to the most solemn record remain unaffected thereby; but this writ is the usual and proper remedy against mortgagors and their privies,—those who obtain possession under them, and more particularly those who are parties to a suit in which they could have asserted and maintained all their rights. The vital question here now is the one of the right of possession. Other rights and equities may arise hereafter.

One who buys land upon which there is a valid mortgage takes it subject to the superior equities of the mortgagee; and if, prior to his second purchase, he has gained possession thereof by virtue of a conveyance from the mortgagor, his

right of possession is subordinate to the equities of the mort-gagee. In the case at bar the appellants asked to be dismissed, in their answer disavowing any right or interest in the prem-ises by virtue of their deed from Moore and wife. This was done. Now, however, they set up a title acquired under the homestead laws of the United States after they have obtained possession of the premises from Moore by and under said deed. This homestead entry was based upon their possession thus obtained under said deed from Moore and wife, and, if it can be asserted, will defeat the mortgage, subject to the equi-ties of which they entered and now hold.

Such a fraudulent transaction as this ought not to be, and we think in law and justice cannot be, upheld. Having ob-tained possession of the premises from Moore and wife, they are in privity with them, as their grantors, and their right of possession cannot be held as paramount to the right of the mortgagee, the appellee herein. See *Asher* v. *Cox,* 2 Ariz. 71, 11 Pac. 44; *Watkins* v. *Jerman,* 36 Kan. 464, 13 Pac. 798; *Bell* v. *Birdsall,* 19 How. Pr. 491.

The writ of assistance, we think, was a proper remedy in this case, and was properly awarded. It is not necessary to pass upon other questions involved.

The judgment of the district court is affirmed. So ordered.

Barnes, J., concurs.

PORTER, J., dissenting.—Appellee brought a foreclosure suit in Pima County against Peter and Martha E. Moore, alleging that appellants claimed an interest in the mortgaged premises. Appellants disclaimed any interest in one quarter section, but set up claim to the other quarter section by virtue of homestead under the laws of the United States, and also claimed two thirds of a certain ditch as appurtenant thereto.

The findings are that, at the time the Moores executed the mortgage, they were living on the land, and were the owners of the fixtures and improvements thereon, including a two-thirds interest in the Clanton Ditch, and were in possession of the same; that the said lands were government lands, and at the time were reserved from pre-emption and homestead entry,

being within the Texas and Pacific Railroad grant; that afterwards, on or about January 21, 1885, and prior to the restoration of said lands for settlement under the pre-emption and homestead laws, the Moores sold by quitclaim deed to the Thompsons all their right to the southeast ¼ of section 35, and their two-thirds interest in the ditch, and gave immediate possession, and appellant J. E. Thompson with his family has resided upon the premises ever since; that on the 1st of May, 1885, the premises having been restored to the government for pre-emption and homestead settlement, J. E. Thompson made entry and received certificate thereof; that he duly qualified to make said entry. J. E. Thompson disclaimed all interest in any part of the land. Attorney for appellee dismissed as to the Thompsons. Findings were also that J. E. Thompson claimed an interest in the ditch as appurtenant to the land. The judgment was that the action be dismissed as to the Thompsons, as they claim no title or interest by virtue of the deed from the Moores. By the judgment, all the interest of the Moores was ordered to be sold.

Plaintiff made application to the district court for a writ of assistance, and showed the sheriff's deed to him on the foreclosure suit, and his demand for the premises, and refusal to deliver possession. By consent of parties, the complaint, answer, findings, and decree in the foreclosure suit were put in evidence on the hearing of the petition for the writ, and also the evidence of delivery of possession of southeast ¼ of section 35 to J. E. Thompson. Appellee excepted to the evidence relating to subsequently acquired title as immaterial and incompetent. The court made an order granting the writ as prayed for, from which order the appeal is taken.

I do not deem it necessary to discuss the question raised in regard to the execution of the sheriff's deed before the time of redemption had passed, or whether there was any right of redemption, or whether the decree of foreclosure was final and conclusive against appellant, and barred any proceeding thereunder. The Thompsons, it is true, were made parties to the foreclosure suit; but the decree dismissing the case as to them, they claiming no right, title, or interest by virtue of the deed from Moore and wife, at least puts the case in the same condition as though they never had been made parties. The

dismissal is no adjudication of their rights as to their alleged paramount title. Through a writ of assistance upon affidavits and motion courts will not settle the legal or equitable rights of persons not 'parties to the foreclosure suit. As said in *Terrell* v. *Allison,* 21 Wall. 289: "But the writ of assistance can only issue against parties bound by the decree, which is only saying that the execution cannot exceed the decree which it enforces; and that the owner of the property mortgaged, which is directed to be sold, can only be bound when he has had notice of the proceedings of its sale, if he acquired his interest previous to their institution, it is too obvious to require either argument or authority. It is a rule old as the law that no man shall be condemned in his rights of property, as well as in his rights of person, without his day in court; that is, without being duly cited to answer respecting them, and being heard and having opportunity of being heard thereon."

If anything was determined in the foreclosure suit, it was in favor of appellant. Whatever may be subversive of his alleged rights must be settled by the proper action against him, or, if he so desire, he may commence an action to determine them. See, also, *Enos* v. *Cook,* 65 Cal. 175, 3 Pac. 632; *Skinner* v. *Beatty,* 16 Cal. 157; *Burton* v. *Lies,* 21 Cal. 88; *Frisbie* v. *Fogarty,* 34 Cal. 11; *Daniels* v. *Henderson,* 49 Cal. 247; *Asher* v. *Cox,* 2 Ariz. 71, 11 Pac. 44.

I therefore dissent from the majority of the court.