Lundstrum v. Branson.

No. 18,738.

CHARLES LUNDSTRUM, *Appellee,* V. A. L. BRANSON, as Sheriff, etc., et al., *Appellants.*

### SYLLABUS BY THE COURT.

1. WRIT OF ASSISTANCE—*Will Not Issue in Cases of Questionable Right to Possession.* The use of a writ of assistance in chancery practice is usually limited to cases in which the rights of the parties to the possession of the land in controversy have been settled by the decree of the court issuing the writ, and in such cases it is issued to carry the decree into effect and to save another action or proceeding to acquire possession.

2. SAME. The writ, as a rule, never goes except in cases substantially free from doubt as to the right of possession, and it should not be used to put in possession a purchaser at an ordinary execution sale of land levied upon to satisfy a general judgment, and certainly not when a fair question as to the validity of such judgment is involved.

Appeal from Cowley district court; CARROLL L. SWARTS, judge. Opinion filed April 11, 1914. Affirmed.

*John Parman,* of Arkansas City, *C. W. Roberts,* and *F. L. Richardson,* both of Winfield, for the appellants; *Shelby Duncan,* of Wichita, of counsel.

*A. M. Jackson, A. L. Noble, G. H. Buckman,* and *S. C. Bloss,* all of Winfield, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff sued to enjoin the execution of a writ of assistance, and from a judgment granting the injunction the defendants appeal. In May, 1891, defendant Larabee recovered a judgment in foreclosure against the plaintiff in the district court of Stafford county for $1770.50, with interest at 12 per cent. This judgment was kept alive for a time by the issuance of executions, all of which were returned un-

satisfied, but later became dormant, and on notice and motion it was revived on June 15, 1908, the plaintiff— the judgment debtor—making no appearance to the motion. On July 30, 1908, the plaintiff, appearing specially, filed a motion to set aside the judgment on the ground that it was void for the reason that no service of summons was had upon him. October 19, 1909, he appeared specially and dismissed this motion without prejudice. July 30, 1908, an execution was issued to the sheriff of Cowley county and levied upon a tract of land as the property of the plaintiff, which land was advertised and sold and the sale confirmed, the original plaintiff, Larabee, being the purchaser. A writ of assistance was also issued ordering the sheriff to put the plaintiff out of possession and to put the defendant in possession. While the notice of sale was being published the plaintiff filed a motion to set aside the sale temporarily, on the ground that he had already filed his motion to set aside the judgment, and this motion to set aside the sale was overruled. The trial court found generally for the plaintiff and granted the relief prayed for. The plaintiff contends that the judgment was void because the copy of the summons in the foreclosure action was not left at his usual place of residence as indicated by the return, and that the district court of Stafford county has no power to cause the execution of a writ of assistance by the sheriff of Cowley county.

It is stated in the defendants' abstract that the court refused to find as a matter of fact or law that the original judgment was void and refused to pass upon the question whether there had been legal service in such action, but rendered the decision solely upon the proposition that a writ of assistance from Stafford county could not be legally executed in Cowley county. This is denied by the plaintiff. The journal entry simply finds that the writ of assistance was wrongfully and improvi-

dently issued and should be enjoined, no reason for such finding being given.

Without attempting to determine the sufficiency of the service in the foreclosure action, or the effect of the motions filed by the plaintiff, and assuming, without deciding, that in a proper case a writ of assistance may go to a county outside the district in which it is issued, we deem it necessary to decide only the rightfulness of its issuance in this case. The use of this writ in chancery practice is usually limited to cases in which the rights of the parties to the possession of the land in controversy have been settled by the decree of the court issuing the writ—and in such cases it is issued to carry the decree into effect and to save another action or proceeding to acquire possession. (2 Bouvier's Law Dictionary, p. 1248; 8 Words & Phrases, p. 7531; 1 Freeman on Executions, 3d ed., § 37d; Beach, Modern Equity Practice, § 897; *Merrill v. Wright,* 65 Neb. 794, 91 N. W. 697; 4 Cyc. 290-294; 2 Jones on Mortgages, 4th ed., § 1663.)

"It is not customary to issue the writ where there is a *bona fide* contest as to the right to possession of the property, or where the rights of the respective parties have not been fully adjudicated in the principal suit." (Fletcher, Equity Pleading and Practice, § 736.)

"The writ will not issue for the purpose of establishing or destroying any right in the property, other than as determined by the judgment." (3 Standard Encyclopedia of Procedure, 147.)

"The object of the writ and the consideration in which it is granted is that when the court makes a sale and transfers the title, it will take the possession from a party whose rights have been determined by the suit in which the sale was ordered." (*Bell v. Birdsall,* 19 How. Prac. 491, 492.)

"The power to issue the writ results from the principle that the jurisdiction of the court to enforce its decree is coextensive with its jurisdiction to determine the rights of the parties, and to subject to sale the property mortgaged. . . . It does not turn the party

Lundstrum v. Branson.

to another forum to enforce a right which it has itself established." (*Terrell v. Allison*, 88 U. S. 289, 291, 22 L. Ed. 634.)

"It will never be issued where there is any reasonable prospect that the party in possession may make a successful defense of his possesion, either at law or by the aid of a court of equity . . . and it will never be exercised in a case of doubt, nor under color of its exercise will a question of legal title be tried or decided." (*Kerr v. Brawley*, 193 Ill. 205, 207, 61 N. E. 1057.)

(See, also, *Knight v. Houghtalling*, 94 N. C. 408, 410.)

In *Stanley v. Sullivan*, 71 Wis. 585, 37 N. W. 801, a parcel of real estate had been sold on execution upon a judgment in a divorce action. The one in possession refused to surrender, claiming a homestead right. It was held, citing many authorities, that the purchaser was not entitled to a writ of assistance, and that such writ is not used to put a purchaser in possession upon an ordinary execution sale. The writ is recognized in this state as proper under the circumstances already indicated (*Bird v. Belz*, 33 Kan. 391, 6 Pac. 627; *Watkins v. Jerman*, 36 Kan. 464, 13 Pac. 798), but not in an action of ejectment (*Shaffer v. Austin*, 68 Kan. 234, 74 Pac. 1118).

Here the plaintiff claims that the foreclosure judgment was void for want of service. The court has not settled his right of possession or title to the Cowley county land or the judgment creditor's right to a lien thereon. It is the ordinary case of a deficiency judgment obtained in a foreclosure action in which a lien on the mortgaged land was decreed, and a levy on other land in an effort to collect the deficiency. No instance of the use of the writ in such a case has been pointed out and none has rewarded our independent search. The authorities all agree that when proper to be used the writ is always discretionary, but neither precedent nor discretion will justify summarily dispossessing one

6—92 KAN.

whose land has been sold on execution under the circumstances here shown. The plaintiff claims to have a valid reason for denying the purchaser possession, and the record tends to show sufficient question about the matter to invoke the settled rule that the writ never goes except in cases substantially free from doubt.

The conclusion of the trial court that the writ was wrongfully and improvidently issued was correct, and the judgment granting the injunction is affirmed.