No. 25,632.

SUTOR BROTHERS, a Copartnership, *Appellee*, v. (THE FIRST NATIONAL BANK OF PALCO, *Appellee*) FRED HEBERT, *Appellant*.

### SYLLABUS BY THE COURT.

1. WRIT OF ASSISTANCE—*Mortgage Foreclosure—Equitable Jurisdiction of Court.* The granting, or refusing to grant, a writ of assistance in a suit to foreclose a mortgage is the exercise of equity jurisdiction.

2. SAME—*Defense to Application for Writ of Assistance.* Irregularities in a suit to foreclose a mortgage which do not go to the jurisdiction of the court do not constitute a defense to an application for a writ of assistance.

Appeal from Graham district court; CHARLES I. SPARKS, judge. Opinion filed January 10, 1925. Affirmed.

*John R. Parsons,* of Wakeeney, for the appellant.
*W. L. Sayers,* of Hill City, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an appeal from an order of the court sustaining an application for a writ of assistance on behalf of the purchaser at a foreclosure sale. The record before us shows substantially the following:

On December 3, 1921, Sutor Brothers filed suit upon two notes executed by Fred Hebert and wife and to foreclose a first and second mortgage upon land given to secure the notes. In that suit the First National Bank of Palco was made a party defendant. The bank

answered, and by cross-petition asked for a judgment upon notes executed by Hebert and wife to the bank and secured by mortgages upon the same land. On May 1, 1922, judgment by default was entered upon the notes, and a decree of foreclosure and fixing the priority of liens was rendered. Later an order of sale was issued and the real property was advertised and sold. It was purchased by the bank. This sale was confirmed by the court July 26, 1922, and a certificate of purchase was issued to the bank, the period of redemption being eighteen months. At the end of the period of redemption a sheriff's deed was issued to the bank. It demanded possession of the property, which was refused, and on February 11, 1924, filed its application reciting the above facts, and asked for a writ of assistance. Hebert filed an answer, consisting, first, of a general denial; second, contending that judgment was prematurely taken when his demurrer was on file undisposed of; third, a suit had been filed and was then pending to set aside the judgment, and the pleadings in that suit were referred to, and that on February 14, 1924, he went to the bank for the purpose of paying the bank what was due it, but the bank refused to accept any sum less than the sum shown to be due it by the certificate of purchase. He asked for a jury trial upon the issues raised by his answer.

To this answer a reply was filed: first, a general denial; second, that the title to the lands had been adjudicated by the judgment in the case; third, denial that a demurrer was pending undisposed of at the time judgment was taken.

On February 20, 1924, upon application of the bank, an order was made spreading a journal entry *nunc pro tunc* of proceedings of February 7, 1922, overruling Hebert's demurrer to the plaintiff's petition.

On February 21, 1924, the application of the bank for writ of assistance came on for hearing. The defendant, though notified of the hearing, did not appear. His application for a jury trial was denied, and the court, having heard the evidence, allowed the application for the writ of assistance. Thereafter, and on the same day, Hebert appeared by his attorney and asked the court to fix the amount of supersedeas bond and for a stay pending appeal to this court. This request was granted and the bond given.

Appellant contends, first, that the court erred in sustaining the application of appellee for a writ of assistance; second, that the

court erred in overruling appellant's application for a jury to try the issues of fact raised by the pleadings.

Disposing of the second point first: Counsel have cited us to no authority, and our own research discloses none, requiring or authorizing a jury trial upon the hearing of an application for a writ of assistance in a foreclosure proceeding. The authorities seem unanimous to the effect that the granting, or refusing to grant, an application for a writ of assistance in such a proceeding is the exercise of equity jurisdiction. (5 C. J. 1317; 2 R. C. L. 730; *Motz v. Henry,* 8 Kan. App. 416; *Bird v. Belz,* 33 Kan. 391, 6 Pac. 627; *Watkins v. Jerman,* 36 Kan. 464, 13 Pac. 798; *Lundstrum v. Branson,* 92 Kan. 78, 139 Pac. 1172.) There was no error in refusing a jury trial upon the application.

Appellant contends that the court erred in granting the application, because (a) the judgment was taken May 1, 1922, when his demurrer to the petition was undisposed of; (b) at an adjourned session of court of which he had no notice; and (c) because of a suit pending to set aside the judgment for the reasons above stated, and for the further reason that since the judgment a part of the indebtedness to the bank has been paid, the pleading in which suit was referred to in his answer to the application for the writ. It will be observed that none of these objections go to the jurisdiction of the court to render the judgment of May 1, 1922. Generally speaking, irregularities in the proceedings which do not go to the jurisdiction of the court are not a defense to an application for a writ of assistance. (2 R. C. L. 739; 5 C. J. 1322, 1323.) Two portions of the record show that the demurrer was disposed of before judgment was rendered; the judgment itself recites that defendant was in default, and the journal entry *nunc pro tunc* shows that the demurrer was disposed of in February, 1922. In addition to that, the statute provides (R. S. 60-3010) that a motion to vacate a judgment, because of its rendition before the action regularly stood for trial, can be made only in the next three days of the succeeding term. This was not done. There is no merit in appellant's contention that the judgment was prematurely taken. Neither is there any merit in the contention that the judgment was taken at an adjourned term of court.

Appellant's contention that the writ of assistance should not have been allowed because there had been a substantial payment upon

the judgment since the sale of the property is really not presented by this record. It is not specifically set up in his answer to the application for the writ, but the answer does refer to the pleading in another action in which it is now argued that matter was set up. Even if that could be regarded as a proper pleading of the matter, which may be doubted, there was no evidence to support it upon the hearing. Defendant was specifically notified when this hearing was to be taken up, and yet he failed to appear and offer any evidence of this alleged payment, if any such had been made. No doubt if he had appeared and offered evidence that a part of the judgment had been paid since the sale of the property, and offered to pay the balance, the application for the writ would have been denied; but no proof of that matter having been made, the court below could not assume it to be true, and neither can this court. Hence if this question is regarded as having been at issue, there was a total failure of proof to support it. We shall hold, however, that this particular question was not in issue before the court, and we do so for the specific reason that we do not want this decision to preclude appellant in some other proper cause or proceeding from having the benefit of any payment which he had in fact made upon this judgment.

The judgment of the court allowing the writ of assistance is affirmed.